Jason Prince, ISB No. 7227
E-mail: jeprince@stoel.com
Stoel Rives LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702
Telephone: (208) 389-9000
Facsimile: (208) 389-9040

Eric J. Hardeman, CA  Bar No. 253489
(*pro hac vice*)
Jones Day
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 553-7545
Facsimile:  (949) 553-7539

Attorney for Defendant
Experian Information Solutions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSE LUIS CALDERON,<br><br>            Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>            Defendant. | Case No: 1:11-cv-00386-EJL<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

    IT IS HEREBY STIPULATED by and between Plaintiff Joes Luis Calderon ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Experian"), through their respective attorneys of record, as follows:

    WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research,

**STIPULATION FOR PROTECTIVE ORDER - 1**
71166457.1 0030176-00014

development, technology or other proprietary information belonging to Experian and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those Particular documents as "Confidential—Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Civil Rule 5.3.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial

**STIPULATION FOR PROTECTIVE ORDER - 2**

71166457.1 0030176-00014

or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees or independent contractors of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys Eyes Only", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Receiving Party's Outside Counsel of record in this action, as well as employees or independent contractors of said Counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) Experts specifically retained as consultants or expert witnesses

**STIPULATION FOR PROTECTIVE ORDER - 3**

in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within ninety (90) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, excluding work product material, shall

**STIPULATION FOR PROTECTIVE ORDER - 4**

be returned to the producing party, or destroyed. Parties electing to destroy such materials shall provide written confirmation of their destruction. Should a party thereafter need such material for subsequent proceedings in this litigation, the party shall submit a request to counsel for the designating party. The request shall identify the material and include a statement that the party will use the material only in the subsequent proceedings and in accordance with the terms of this Order. Counsel for the designating party shall then produce the requested material within a reasonable period of time not to exceed ninety (90) days.

13. In the event that any party to this litigation disagrees at any point In these proceeding with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party seeking disclosure of the disputed information shall state in writing to the party seeking the confidential designation that the dispute cannot be resolved and the reasons that party seeking disclosure opposes the confidential designation. The party seeking the designation may seek appropriate relief from this Court at any point up to 21 days after it receives such written notice. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential--Attorneys' Eyes Only" subject to the provisions of this Protective Order.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

15. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**STIPULATION FOR PROTECTIVE ORDER - 5**

Dated: January 31, 2012                           Respectfully submitted,


                                                  */s/ Eric J. Hardeman*
                                                  Eric J. Hardeman
                                                  JONES DAY
                                                  3161 Michelson Drive, Ste 800
                                                  Irvine, CA 92612
                                                  Telephone:    (949) 851-3939

                                                  *Attorneys for Defendant*
                                                  *Experian Information Solutions, Inc.*

Dated: January 31, 2012                           Respectfully submitted,


                                                  */s/ Sylvia Goldsmith*
                                                  Sylvia Goldsmith
                                                  THE LAW OFFICE OF SYLVIA
                                                  GOLDSMITH
                                                  Gemini Towers
                                                  1991 Crocker Road, Suite 600
                                                  Westlake, OH 44145
                                                  Telephone:    (440) 934-3025

                                                  *Attorneys for Plaintiff*


**STIPULATION FOR PROTECTIVE ORDER - 6**

71166457.1 0030176-00014

# EXHIBIT A

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4  I have received a copy of the Stipulated Protective order entered in this action on _____, 20\_\_\_.

5. I have carefully read and understand the provisions of this Stipulated Protective order.

6. I will comply with all provisions of this Stipulated Protective order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective order in this Action.

**STIPULATION FOR PROTECTIVE ORDER - 7**

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 20__ at _____.

                                                   _____
                                                   QUALIFIED PERSON

**STIPULATION FOR PROTECTIVE ORDER - 8**

71166457.1 0030176-00014

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2012, I served a copy of the foregoing document on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

Ryan T. Earl – ryantearl@earlandearllegal.com

Sylvia A. Goldsmith - sgoldsmith@sgoldsmithlawoffice.com

*/s/ Jason E. Prince*
Jason E. Prince
