# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

# BOISE - SOUTHERN

| | |
|---|---|
| JOSE LUIS CALDERON,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 11-cv-00386-EJL<br><br>Assigned to Judge Edward J. Lodge |

## EXPERIAN INFORMATION SOLUTIONS, INC'S RESPONSES TO PLAINTIFF'S FIRST SET OF PRODUCTION OF DOCUMENTS

### PRELIMINARY STATEMENT

Although Experian has made a diligent and good faith effort to obtain information with which to respond to Plaintiffs' First Set of Requests for the Production of Documents ("Requests"), discovery in this matter is ongoing. Moreover, Experian has not yet completed its investigation of this matter. For these reasons, Experian's responses may be incomplete. Accordingly, all of the following objections and responses are given without prejudice to and with the express reservation of Experian's right to supplement or modify its objections and responses to the extent required by applicable law to incorporate later discovered information, and to rely upon any and all such information at trial or otherwise. Likewise, Experian shall not be prejudiced if any of its present objections and responses are based on an incomplete knowledge or comprehension of the facts, events or occurrences involved in this matter. Experian also has objected and responded to the Requests based on its best, good faith understanding and interpretation of each item therein. Accordingly, if Plaintiff subsequently asserts a different interpretation than that presently understood by Experian, Experian reserves

the right to supplement or amend these objections and responses.

Finally, Experian's responses to the Requests do not constitute admissions or acknowledgments that the documents sought are within the proper scope of discovery. Nor shall a statement that documents will be produced constitute an admission that such documents actually exist. Instead, it only shall mean that, if responsive documents exist and survive the general and specific objections, they will be produced. Likewise, an objection to producing documents does not mean that documents otherwise responsive to a particular demand in fact exist.

## GENERAL OBJECTIONS

1.  **Privilege**. Experian objects to Plaintiffs' Requests to the extent they call for the production of documents that mention, discuss or refer to information protected by the attorneyclient privilege, the attorney work-product doctrine, the right of privacy of any person or entity, or any other applicable privilege or protection. Experian deems such privileged communications not intended to be within the scope of these Requests and will not, and does not intend by these responses to, waive the privilege afforded such privileged communications.

2.  **Scope of Permissible Discovery**. Experian objects to Plaintiffs' Requests to the extent they are inconsistent with or expand the scope of permissible discovery under the Federal Rules of Civil Procedure. Experian will only respond to the Requests pursuant to its obligations under the Federal Rules.

3.  **Duplication**. Experian objects to Plaintiffs' Requests to the extent that they are duplicative.

4.  **Objections Not Waived**. Experian's responses are made without waiving any objections to relevance, privilege or admissibility of any information provided in response to Plaintiffs' Requests in any subsequent proceeding or at the trial of this or any other action. A partial answer to any request that has been objected to in whole or in part is not a waiver of that objection. By asserting various objections, Experian does not waive any other objections that may become applicable.

5.      **Time Period**. Experian objects to Plaintiffs' Requests that are not confined to a relevant time period because they are overly broad.

6.      **Trade Secret**. Experian objects to the Requests to the extent that they call for the production of documents that mention, discuss or refer to information that is highly confidential, proprietary or trade secret information.

7.      **Definitions and Instructions**.    Experian objects to Plaintiff's "Instructions and Definitions" on the ground that they are overbroad and purport to require Experian to perform tasks beyond its obligations under the Federal Rules of Civil Procedure. Experian will respond to the Requests pursuant to its obligations under the Federal Rules of Civil Procedure.

8.      **Possession, Custody and Control**. Experian's agreement to produce documents in response to any particular category in the Requests is not a representation or admission that any documents are in fact in Experian's possession, custody or control, but is instead an agreement to produce such non-privileged documents, if any, as Experian has located in its possession, custody or control.

9.      **Definition of "Defendant," "You" and "Your"**. Experian objects to the definition of "Defendant," "You" and "Your" on the grounds that it is so unduly overbroad and not limited in time or scope in a manner relevant to the material issues in the pending action or reasonably calculated to lead to the discovery of admissible evidence that formulating responses to these Requests using such a definition would be unduly burdensome and oppressive. This definition is particularly objectionable in that it is not limited to Experian's managing agents or department heads, but it is so broadly phrased as to purport to include each and every Experian employee as well as any person with whom Experian has a contract or a legal relationship. Thus, it is not only burdensome and oppressive but, as a practical matter, an impossibility for Experian to frame meaningful responses to these Requests utilizing this objectionably broad definition. Accordingly, Experian will respond to these Requests only to the extent that the terms "Experian," "You" and "Your" are interpreted to mean and include only the entity, Experian Information Solutions, Inc.

10. **Definition of "Document".** Experian objects to the definition of "Document" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this definition to the extent it seek to impose discovery obligations that are broader than, or inconsistent with, Experian's obligations under the Federal Rules of Civil Procedure. Experian further objects to this definition to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the consulting expert privilege, or any other applicable privilege, rule or doctrine.

11. **Definition of "Control."** Experian objects to Plaintiff's definition of "control" to the extent that it calls for the production of publicly available documents or documents that could be obtained from Plaintiff's own files or other sources.

12. **Definition of "Personal identifying information" or "personal identifiers."** Experian objects to Plaintiff's definition of "Personal identifying information" or "personal identifiers" on the grounds that it is vague and ambiguous in its use of the terms and phases "any other information intended to refer or identify Plaintiff," "consumer report," and "file."

13. **Incorporation**. Experian incorporates the foregoing General Objections and limitations into each of the following specific responses that are herein made subject to and without waiver of those General Objections.

## REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please provide all consumer reports, credit reports, consumer disclosures, updates or other compilation of information in Plaintiff's "file" as that term is defined in 15 U.S.C. § 1681a(g), specifically including without limitation any current, historical and/or archived information such as long and short Administrative reports.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its General Objections, Experian objects to this Request on the ground that it is overbroad and unduly burdensome, as it is not reasonably limited in its temporal scope or the

scope of the subject matter requested. Experian further objects to this Request to the that extent it seeks to impose discovery obligations on Experian beyond the requirements of the Federal Rules of Civil Procedure, insofar as it requests that Experian create documents that do not exist. Experian further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Experian further objects to this Request on the grounds that it seeks highly confidential commercial and trade secret information. The Long Administrative Report contains codes that reveal confidential, closely guarded information about the structure, design and architecture of the database that is the heart of Experian's credit reporting system. Experian's competitors and companies hoping to enter the credit reporting industry could use the information to build or refine a competing system at a small fraction of the costs incurred by Experian. Furthermore, credit clinics could use information to build or refine a competing system at a small fraction of the costs incurred by Experian. Furthermore, identity thieves could use information contained in the Long Administrative Report to assist in their efforts to steal credit information of consumers or to hide evidence of their crimes. Experian further objects to this Request to the extent it is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. For example, the Long Administrative Report contains the same information fields as the Administrative Report with the exception of highly confidential codes relating to the structure of Experian's database. Importantly, the Long Administrative Report does not contain any historical identification information for any of the accounts at issue. Rather, it contains only the identification information as it appears on Plaintiff's credit file at the time the Long Administrative Report is generated. Additionally, Plaintiff seeks the full Long Administrative Report, even though many of its tradelines are not at issue.

Subject to, and without waiving said objections, Experian states that it has produced all responsive non-confidential documents in its possession, custody, and control as part of its Initial Disclosures in this case. Experian further states that it will produce its normal Administrative Report for Plaintiff in response to this Request upon the entry of an appropriate protective order.

## REQUEST FOR PRODUCTION NO. 2:

Please produce all records of communications between Plaintiff and Experian, including all documents, records of telephonic communications, log books or other documents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to its General Objections, Experian objects to this Request on the ground that it is overbroad and unduly burdensome, as it is not reasonably limited in its temporal scope or the scope of the subject matter requested. Experian further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Experian further objects to this Request to the extent it seeks confidential, proprietary and/or trade secret information. Experian further objects to this Request as vague and ambiguous with respect to the term "log books."

Subject to, and without waiving said objections, Experian states that it has produced all responsive non-confidential documents in its possession, custody, and control as part of its Initial Disclosures in this case. Experian further states that it will produce its confidential documents responsive to this Request upon the entry of an appropriate protective order.

## REQUEST FOR PRODUCTION NO. 3:

Please produce all documents and/or screens generated, created or otherwise utilized or reviewed that relate to Plaintiff or any reinvestigation regarding any account or record related to Plaintiff or for which Plaintiff lodged a dispute, specifically including without limitation any dispute resolution logs, disclosure logs and/or any other logs, screens or documents that result from any administrative or internal action or review of Plaintiff's file.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to its General Objections, Experian objects to this Request on the ground that it is overbroad and unduly burdensome, as it is not reasonably limited in its temporal scope or the scope of the subject matter requested. Experian further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Experian further objects to this Request to the extent it is not relevant to the subject

matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this Request to the extent it seeks confidential, proprietary and/or trade secret information.

Subject to, and without waiving said objections, Experian states that it has produced all responsive non-confidential documents in its possession, custody, and control as part of its Initial Disclosures in this case. Experian further states that it will produce its confidential documents responsive to this Request upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents relating to the computation of Plaintiff's credit score(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its general objections, Experian objects to Request as vague and ambiguous as to the terms "computation" and "credit score." Experian further objects to this Request as overbroad, unduly burdensome, and calls for Experian to speculate as to what particular information Plaintiff seeks, as there are myriads of potential credit scoring models in existence and the request is not limited to any particular time period. Experian further objects to this Request to the extent it seeks confidential, proprietary and/or trade secret information. Experian is aware that the most frequently used credit scoring models are provided to users of consumer reports by the Fair Isaac Corporation, a third party entity that Experian has no control over. Experian states any "credit scores" regarding Plaintiff would be in the possession, custody, and control of third parties. Accordingly, Experian has conducted a reasonable and diligent search for documents responsive to this Request as Experian understands it, and has determined that no such documents exist.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all documents prepared, accessed, considered, reviewed, sent and/or received by Experian specifically including but not limited to any CDV's, ACDV's, responses, supporting documentation, specific requests for information, UDF's, AUDF's, internal memoranda, correspondence, instructions, notes, screens and/or logs relating to Plaintiff,

Plaintiff's file or any reinvestigation of any information contained in Plaintiff's file.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its General Objections, Experian objects to this Request on the ground that it is overbroad and unduly burdensome, as it is not reasonably limited in its temporal scope or the scope of the subject matter requested. Experian further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Experian further objects to this Request to the extent it is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this Request to the extent it seeks confidential, proprietary and/or trade secret information.

Subject to, and without waiving said objections, Experian states that it has produced all responsive non-confidential documents in its possession, custody, and control as part of its Initial Disclosures in this case. Experian further states that it will produce its confidential documents responsive to this Request upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all records of communications between Experian and any entity at any time specifically relating to the Canyon Caldwell public record item.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its General Objections, Experian objects to this Request on the ground that it is overbroad and unduly burdensome, as it is not reasonably limited in its temporal scope or the scope of the subject matter requested. Experian further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Experian further objects to this Request to the extent it is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this Request to the extent it seeks confidential, proprietary and/or trade secret information.

Subject to, and without waiving said objections, Experian states that it has produced all

responsive non-confidential documents in its possession, custody, and control as part of its Initial Disclosures in this case. Experian further states that it will produce its confidential documents responsive to this Request upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce a complete listing of any and all codes, keys or other documentation that would describe how to read, interpret or otherwise explain any of the terms, shorthand, abbreviations or any other information provided in or on any of the documents produced by Experian in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its General Objections, Experian objects to this Request on the ground that it seeks confidential, proprietary and/or trade secret information. Experian further objects on the ground that this Request is overbroad and unduly burdensome. Subject to, and without waiving said objections, Experian will produce confidential documents responsive to this Request upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all manuals, memoranda, records, reports or other written documentation containing, outlining or otherwise describing Defendant's policies, practices, training, standards, rules, and/or procedures for any department or center that handles non-fraud related consumer contacts, requests and/or disputes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its General Objections, Experian objects to this Request on the ground that it is unduly burdensome and overbroad. Experian further objects to the Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine. Experian further objects to this Request on the ground it seeks confidential, proprietary and/or trade secret information. Experian further objects on the ground that the request is vague and ambiguous in its use of the terms "outlining or otherwise describing," "handles," and "non-fraud related." Subject to and without waiver of these objections and its

General Objections, Experian will produce the relevant portions of its Consumer Investigations Procedures manual upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all manuals, memoranda, records, reports or other written documentation containing, outlining or otherwise describing to Defendant's policies, practices, standards, rules and/or procedures relating to the manner in which Experian determines which credit information, account data and/or personal identifying information shall be included in a particular credit file in the database of consumer information maintained by or for Experian. This request specifically includes, but is not limited to, any documents outlining the personal identifiers required or necessary to match credit information being supplied by a subscriber with a particular credit file maintained by or on behalf of Experian or within the Experian database, and any and all procedural and/or training materials specifically including without limitation Defendant's business rules relating to the subject selection procedure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its General Objections, Experian objects to this Request on the grounds that it seeks highly confidential commercial and trade secret information. The Request seeks confidential, closely guarded information about the structure, design, and architecture of the database that is the heart of Experian's credit reporting system. Experian's competitors and companies hoping to enter the credit reporting industry could use the information to build or refine a competing system at a small fraction of the costs incurred by Experian. Furthermore, identity thieves could use information contained in such documents in their efforts to steal credit information of millions of consumers or to hide evidence of their crimes. Experian further objects to the Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine. Experian further objects to this Request on the ground that it is vague and ambiguous in its use of the phrases "personal identifiers," and "required or necessary to match credit information being supplied by a subscriber." Experian further objects to this Request as overbroad and unduly burdensome, as the Request is not

reasonably limited in temporal scope or the scope of the subject matter requested. Experian further objects to this Request on the grounds that it is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. This Request seeks information regarding every data field in Experian's computer system, the overwhelming majority of which have nothing whatsoever to do with Plaintiffs' credit file or the issues in this lawsuit.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all manuals, tests, video tapes, books or other documents pertaining to the training and supervision of Defendant's employees or agents as to compliance with the FCRA, including 15 U.S.C. § 1681i.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its General Objections, Experian objects to this Request on the ground that it is unduly burdensome and overbroad, as the Request is not reasonably limited in temporal scope or the scope of the subject matter requested. Experian further objects to the Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine. Experian further objects to this Request on the ground it seeks confidential, proprietary and/or trade secret information. Experian also objects to this Request to the extent it is duplicative of other Requests. Experian further objects on the ground that the request is vague and ambiguous in its use of the term "training and supervision." Subject to and without waiver of these objections and its General Objections, Experian will produce the relevant portions of its and Consumer Investigations Procedures manual upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all manuals, tests, video tapes, books or other documents pertaining to the training and supervision of Defendant's employees or agents as to compliance with Experian's policies and procedures regarding reinvestigation of disputed information.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

In addition to its General Objections, Experian objects to this Request on the ground that it is unduly burdensome and overbroad, as the Request is not reasonably limited in temporal scope or the scope of the subject matter requested. Experian further objects to the Request to the extent it seeks documents protected from disclosure by attorney work-product doctrine. Experian further objects to this Request on the ground it seeks confidential, proprietary and/or trade secret information. Experian also objects to this Request to the extent it is duplicative of other Requests. Experian further objects on the ground that the request is vague and ambiguous in its use of the term "training and supervision." Subject to and without waiver of these objections and its General Objections, Experian will produce the relevant portions of its and Consumer Investigations Procedures manual upon the entry of an appropriate protective order.

## REQUEST FOR PRODUCTION NO. 12:

Please produce all manuals, tests, video tapes, books or other documents pertaining to the training and supervision of Defendant's employees or agents as to compliance with Experian's policies and procedures regarding mixed files.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

In addition to its General Objections, Experian objects to this Request on the ground that it is unduly burdensome and overbroad, as the Request is not reasonably limited in temporal scope or the scope of the subject matter requested. Experian further objects to the Request to the extent it seeks documents protected from disclosure by attorney work-product doctrine. Experian further objects to this Request on the ground it seeks confidential, proprietary and/or trade secret information. Experian further objects on the ground that the request is vague and ambiguous in its use of the term "training and supervision." Subject to and without waiver of these objections and its General Objections, Experian will produce the relevant portions of its and Consumer Investigations Procedures manual and its Mixed File Handbook upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce documentation of all programs under which Defendant's employees or agents who communicate with consumers or handle any aspect of consumer disputes are provided any bonus, pay, or other incentive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its General Objections, Experian objects to this Request on the ground that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects that the Request seeks confidential, private information regarding individuals who are not parties to this lawsuit as well as proprietary, commercial information relating to Experian's cost structure and systems for motivating and compensating its employees. Experian further objects that this Request is overbroad in that it is not limited to relevant employees and a relevant time frame. Experian further objects to the Request on the ground that the Request is vague and ambiguous in its use of the terms and phases "communicate," "handle," "any aspect of consumer disputes," and "other incentive."

**REQUEST FOR PRODUCTION NO. 14:**

Please produce employment and salary records, or other compensation or payment schedule, of every person or entity who communicated with Plaintiff, worked on any aspect of Plaintiff's disputes, or altered any information in Plaintiff's Experian file within the timeframe listed above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its General Objections, Experian objects to this Request on the grounds that it seeks highly confidential, private information regarding a nonparty. Experian further objects that this Request is harassing and seeks information that is neither relevant to this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Experian also objects that this Request is overbroad and seeks information that that Experian may not legally provide under Federal and State law by seeking information that includes: (i) medical information, including insurance elections and dependents which can only be released only with a duly-executed

authorization by the employee; (ii) pregnancy leave information; and (iii) designation of family members as beneficiaries or emergency contacts. Experian further objects to the Request on the ground that the Request is vague and ambiguous in its use of the terms and phases "everyone," "communicated with," "worked on," "any aspect of," and "altered."

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all cost/benefit analyses regarding expenditures necessary for compliance with 15 U.S.C. § 1681i or the reinvestigation of disputed credit information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its General Objections, Experian objects to this Request on the ground that it is overly broad, is not limited in scope, is unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection. Experian further objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks to impose discovery obligations on Experian beyond the requirements of the Federal Rules of Civil Procedure, as it requests that Experian create documents that do not exist. Experian further objects to the Request on the ground that the Request is vague and ambiguous in its use of the terms and phases "cost/benefit analyses," and "expenditures necessary for compliance."

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all cost/benefit analysis regarding expenditures necessary for cost of defending cases of disputed credit information versus compliance with 15 U.S.C. § 1681i or the reinvestigation of disputed credit information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its General Objections, Experian objects to this Request on the ground that it is overly broad, is not limited in scope, is unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. Experian further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection. Experian further objects to this Request on the ground that it is overbroad and unduly burdensome because it requests that Experian create documents that do not exist. Experian further objects to the Request on the ground that the Request is vague and ambiguous in its use of the terms and phases "cost/benefit analyses," and "expenditures necessary for cost of defending cases."

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all budgets or projections prepared within the preceding five years, allocating resources or expenditures to the conducting of reinvestigation under 15 U.S.C. § 1681i.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to its General Objections, Experian objects to this Request as it is overbroad, unduly burdensome, and intended solely to harass Experian. Experian further objects to this Request as it seeks information that is neither that is neither relevant nor reasonably calculated to lead to the discovery of relevant, admissible evidence, particularly in that it is not to limited any relevant time frame, much less to any relevant subject matter. Experian further objects to this Request as it seeks highly confidential financial information relating to Experian's cost structure, which would be extremely valuable to Experian's competitors. Experian further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiver of these objections and its General Objections, Experian states that it does not maintain an analysis of the cost for the reinvestigation of each consumer dispute. Experian conducts reinvestigations at its National Consumer Assistance Center ("NCAC") located in Allen, Texas. The NCAC employs approximately 450 individuals who, among other things, process consumer disputes. Experian also employs a number of additional employees who perform other services in support of the reinvestigation process. In addition to

the services of Experian employees who conduct reinvestigations, the other portions of Experian's operations involved in reinvestigations include: (i) employees who provide support to the reinvestigation process, including but not limited to administrative functions and mail room functions, managerial/supervisory, research and development, and maintenance services; (ii) computer software research and development; (iii) avenues of communication with consumers about disputes, including but not limited to "800" number operation, and website operation; (iv) paper CDVs; (v) the E-OSCAR system and the ACDV dispute process, including internet service; (vi) telephone disputes; (vii) computers, phones and other communications hardware; (viii) printing services and paper costs for consumer reports and other dispute-related correspondence to consumers; (ix) electronic and paper storage of documents; and (x) maintenance and upgrade of Experian's physical infrastructure, including but not limited to networking, communications, and computers. Furthermore, Experian's reinvestigations involving consumers either in litigation or conducting disputes through attorneys may include additional employees or the services of other persons, such as outside counsel.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all studies and reports on the accuracy of information in Experian's consumer reports or consumer reports generally.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its General Objections, Experian objects to this Request as it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant, admissible evidence. Experian further objects to this Request as vague and ambiguous in its entirety. Experian further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the right of privacy of any person or entity, or any other applicable privilege or protection.

Subject to, and without waiving said objection, Experian will produce an research study within its possession, custody, and control published by the Policy & Economic Research

Counsel, a third party, regarding the accuracy of consumer credit reports.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce documents describing, defining or otherwise indicating Defendant's document retention policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its General Objections, Experian objects to this Request, as it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant, admissible evidence. Experian further objects to this Request as vague and ambiguous in its entirety. Experian further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the right of privacy of any person or entity, or any other applicable privilege or protection. Experian further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection. Subject to and without waiver of these objections and its General Objections, Experian will produce the relevant portions of its Retention policy upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce documents showing claims or actions against Defendant for violations of 15 U.S.C. § 1681i of the FCRA brought by any individual, entity, agency or governmental body from 1999 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its General Objections, Experian objects to this Request on the ground that it is overly broad, is not limited in scope, is unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection. Experian further objects to this Request on the ground

that it is overbroad and unduly burdensome because it requests that Experian create documents that do not exist. Moreover, Experian objects to the extent that the Request calls for the production of publicly available documents.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce documents showing claims or actions against Defendant for violations of the FCRA brought by any individual, entity, agency or governmental body at any time which specifically relate to mixed files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to its General Objections, Experian objects to this Request on the ground that it is overly broad, is not limited in scope, is unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection. Experian further objects to this Request on the ground that it is overbroad and unduly burdensome because it requests that Experian create documents that do not exist. Moreover, Experian objects to the extent that the Request calls for the production of publicly available documents.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce financial documents specifically showing Defendant's net pretax profits, Defendant's net worth, and all Annual Reports for the five years preceding and including the year of trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to its General Objections, Experian objects to this Request on the ground that it is harassing and seeks documents neither relevant to the subject matter of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence. To the extent this Request seeks documents containing financial information of Experian, Experian objects on the ground that it is premature to the extent that Plaintiff is seeking this information for the purposes

of an award of punitive damages. Experian further objects on these grounds as evidence of a defendant's financial condition and other evidence relating only to punitive damages is only relevant after a determination that compensatory damages are recoverable, and is not relevant to any liability issues.

Dated: January 9, 2012

Respectfully submitted,

Jones Day

By: _____
Eric J. Hardeman (State Bar No. 253489)
ejhardeman@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408
Telephone:   (949) 851-3939
Facsimile:   (949) 553-7539

Jason E. Prince, Esq.
jeprince@stoel.com
STOEL RIVES LLP
101 S. Capitol Blvd.
Boise, ID 83702
Telephone:   (208) 387-4288
Facsimile:   (208) 380-9040

Attorneys for Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.

# PROOF OF SERVICE VIA U.S. MAIL

I, Estelle S. Pete, am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612-4408. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On January 9, 2012, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**EXPERIAN INFORMATION SOLUTIONS, INC'S RESPONSES TO PLAINTIFF'S FIRST SET OF PRODUCTION OF DOCUMENTS**

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| Ryan Thomas Earl<br>ryantearlattorneyatlaw@yahoo.com<br>Earl & Earl, PLLC<br>212 Tenth Avenue South<br>Nampa, Idaho 83651<br>T:    (208) 890-0355 | *Attorneys for Plaintiff* |
| Sylvia A. Goldsmith<br>sgoldsmith@sgoldsmithlawoffice.com<br>Law Office of Sylvia A. Goldsmith<br>Gemini Towers<br>1991 Crocker Road, Suite 600<br>Westlake, Ohio 44145<br>T:    (440) 934-3025 | *Attorneys for Plaintiff* |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on January 9, 2012, at Irvine, California.

_____
Eric J. Hardeman