THE LAW OFFICE OF
# SYLVIA A. GOLDSMITH

Milano Law Building, 2639 Wooster Road, Rocky River, OH 44116
Telephone: 440.934.3025   Facsimile: 44.934.3026
www.sgoldsmithlawoffice.com

February 14, 2012

Eric J. Hardeman, Esq.
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA 92612

    Re:    *Calderon v. Experian Information Solutions, Inc.*
             Case No. 1:11-CV-00386-EJL

Dear Eric:

    I have finally received the remainder of Experian's production which was sent to my old office address. As a reminder, please make sure to have your staff update my contact information to reflect my new office address which is shown above.

    After careful review of Experian's Responses to Plaintiff's First Set of Requests for Production of Documents in connection with the materials that have been produced to date, I am writing to outline a number of issues Plaintiff has with the production so we can resolve any dispute in this regard in advance of the noticed Rule 30(b)(6) deposition.

    First, Experian has stated a general objection (as well as reiterating this objection in virtually every response that has been given) on the grounds of attorney-client privilege and/or attorney work product. Please provide a detailed Privileged Log of any documents that have been withheld on this basis.

    Experian has also stated a general objection that Plaintiff's requests are not limited in time frame. I direct you to Paragraph E of the Instructions for Responding section of Plaintiff's original requests which specifically states that all requests are limited to the period of January 1, 2008 to the present unless otherwise indicated. As the earliest facts related to this matter date back to 2008, it is unclear to me how this time frame is overbroad in any way. Please withdraw any objections Experian has made to producing documents on this ground, or provide to me a detailed basis for the objection so that I may consider it further.

    Additionally, throughout Experian's responses there is a recurring objection that a particular request would require Experian to "create" a document that does not already exist.

Eric J. Hardeman, Esq.
JONES DAY
February 14, 2012
Page Two


Experian has made this objection in other litigation unsuccessfully, as courts recognize that a plaintiff is entitled to *all* information Experian has about that plaintiff's claims whether or not such information exists solely in electronic form that Experian may have to reduce to a physical form by generating a particular report, document or copy of that information. *See, e.g., Campbell v. Experian*, unreported, Case No. 08-4217-CV-C-NKL (W.D. Mo. 2009). With respect to the requests that seek information about any internal reports containing Plaintiff's information, *i.e.*, a Long Admin, an Item History, a 7X report, an NX report, there exists no justification for Experian to withhold any of these materials irrespective of whether or not anyone at Experian previously chose to generate such a report prior to this litigation. As Judge Laughrey admonished Experian in the *Campbell* case, it is for Plaintiff to decide how these materials are germane (or not germane) to this case, not for Experian to decide that unilaterally for him.

Similarly, Request No. 4 seeks information about Plaintiff's credit score. In addition to objecting that no such documents presently exist, Experian claims that Plaintiff's request is vague and ambiguous since there are a "myriad" of models in existence. Considering Experian's home page at www.experian.com leads with the prominent invitation for consumers to find out what their credit score is, your objection in this regard seems disingenuous at best. There is no reason why Experian cannot generate in this litigation the same "credit score" it provides to all other consumers upon request.

With respect to Request Nos. 5 and 6, Plaintiff has sought information specifically surrounding what investigation Experian did of the Canyon-Caldwell public record item dispute by Plaintiff. You have objected on the grounds, *inter alia*, that the subject information is not relevant. Clearly, anything Experian did to investigate (or not investigate) Plaintiff's dispute is not only relevant to this case but is critical to the reasonableness of Experian's actions here. I appreciate that a single A/CDV has been produced but we have been given nothing else. Is that one piece of paper truly the entirety of any effort Experian made to investigate Plaintiff's original dispute? We have seen nothing about the public record vendor including its contract with Experian or any invoice related to its services which include the reporting and/or investigation of this specific public record item. To the extent any such materials exist, Plaintiff is entitled to them.

Request No. 9 seeks documentation about Experian's matching algorithm which, in this case, caused a public record item belonging to someone other than Plaintiff to be placed into Plaintiff's credit file. Your objections in this regard are lengthy but none justify withholding the critical information of how the wrong piece of information got into Plaintiff's credit file in the first place. I think we would both agree that this matter falls into the definition of a "mixed file" case and Plaintiff clearly is entitled to explore the procedures, including the matching algorithms, that cause mixed files in general, and in this case specifically.

Eric J. Hardeman, Esq.
JONES DAY
February 14, 2012
Page Three

      Request Nos. 13 and 14 seek information about the individual Experian employees who processed the numerous disputes lodged by Plaintiff. Nothing but objections has been provided in this regard despite the fact that these individuals, their knowledge and employment history, and their compensation, are all relevant to whether or not their individual actions were reasonable, appropriate and/or motivated by anything other than assuring the maximum possible accuracy of the information in Plaintiff's credit file. If you prefer, I can notice up their depositions individually and inquire about their specific circumstances one by one.

      Similarly, Request Nos. 15, 16 and 17 seek materials relating to the costs associated with conducting reinvestigations, defending lawsuits where reinvestigations have failed to correct false information, and Experian's budgeting of resources accordingly. While Request Nos. 13 and 14 seek information on an individual basis, Request Nos. 15, 16 and 17 are based on the same concepts simply on a company-wide basis. Plaintiff's position is the same: he is entitled to conduct discovery on Experian's motivations for establishing the policies and procedures it has which have impacted Plaintiff.

      Request Nos. 20 and 21 seek information about any formal actions and lawsuits. While this material may, to some extent, be publicly available, it would cost Plaintiff an excessively burdensome amount of time and money to compile this information which is already known and readily available to Experian. And if I am not mistaken, Experian has been ordered to produce similar information in the past which makes reproducing that information here even less burdensome for Experian.

      Finally, with respect to the actual documents that have been produced by Experian, Plaintiff has noted a few holes. For instance, the D/R Log was run on October 11, 2011, but the Admin Report shows that the public record item at issue was suppressed subsequent to that date. We believe we are entitled to all information on anything that was done with respect to Plaintiff's credit file during the applicable timeframe, and believe relevant information in that regard has not been provided.

      Similarly, there are entries on both the D/R Log and Disclosure Log that do not correspond to the dispute materials that Experian has produced. Being that this is a mixed file case, we are concerned that there is a possibility that matters relating to Plaintiff are somewhere in Experian's system under another consumer's PIN number or, *vice versa*, that these items belong to someone else and have wrongly been attributed to Plaintiff.

      Also, the Consumer Information Procedures Participant Guide is dated 2002 – 2009. Has there been an update of this Guide? If so, we expect that to be produced. Likewise, the Mixed Files Procedure Manual shows an index referencing at least a 41 page document (with some

Eric J. Hardeman, Esq.
JONES DAY
February 14, 2012
Page Four

indication it is much longer than that), and we have been given only the first 13 pages. We expect that to be produced in total as well.

As noted above, we think it is prudent to resolve these documentary issues before proceeding with Plaintiff's Notice of Rule 30(b)(6) Deposition. Because entry of the Protective Order delayed production of the confidential materials by almost three (3) months, I suggest we set a specific date in the next week or so to meet and confer about these issues so that if Court involvement is necessary, we can still complete this deposition sometime in March. Please let me know your availability as soon as possible.

Sincerely,

LAW OFFICE OF SYLVIA A. GOLDSMITH

By: *Sylvia A. Goldsmith*

Sylvia A. Goldsmith

cc: Ryan T. Earle, Esq.