

Jason E. Prince, Esq.
STOEL RIVES LLP
101 S. Capitol Blvd.
Boise, ID 83702
Tel.: (208) 387-4288
Fax: (208) 380-9040

Angela M. Taylor (CA Bar No. 210425) (Pro Hac Vice)
angelataylor@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone:    (949) 851-3939
Facsimile:     (949) 553-7539

*ATTORNEYS FOR DEFENDANT
EXPERIAN INFORMATION SOLUTIONS, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| Jose Luis Calderon,<br><br>             Plaintiff,<br><br>    v.<br><br>Experian Information Solutions, Inc.<br><br>             Defendant. | **Case No: 1:11-cv-00386-EJL**<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Defendant Experian Information Solutions, Inc., ("Experian"), hereby responds to Plaintiff's First Set of Interrogatories, served by Plaintiff Jose Luis Calderon ("Plaintiff").

### Preliminary Statement

Although Experian has made a diligent and good faith effort to gather the information with which to respond to Plaintiff's Interrogatories, discovery in this matter is ongoing. Moreover, Experian has not yet completed its investigation of this matter. For those reasons,



Experian's responses may be incomplete. Accordingly, all of the following responses are given without prejudice to and with the express reservation of Experian's right to supplement or modify its responses to the extent required by applicable law to incorporate later discovered information, and to rely upon any and all such information at trial or otherwise. Likewise, Experian shall not be prejudiced if any of its present responses are based on an incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

Experian also has responded to Plaintiff's Interrogatories based on its best, good faith understanding and interpretation of each item therein. Accordingly, if Plaintiff subsequently asserts a different interpretation than that presently understood by Experian, then Experian reserves the right to supplement or amend these responses.

### General Objections

Each of the responses below is made subject to and incorporates the following General Objections:

1.    **Attorney-Client Privilege.** Experian objects generally to Plaintiff's Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege. Moreover, Experian generally objects to Plaintiff's Interrogatories to the extent that they seek confidential and privileged communications between attorney and client during the anticipation of and pendency of this action, including but not limited to communications between attorney and client regarding Plaintiff's Interrogatories. Experian deems such privileged communications not intended to be within the scope of Plaintiff's Interrogatories and will not, and does not intend these responses to, waive the privilege afforded such privileged communications.

2.    **Attorney Work Product Privilege.** Experian objects generally to Plaintiff's Interrogatories to the extent that they seek information protected from disclosure by the attorney work product doctrine. Moreover, Experian objects to Plaintiff's Interrogatories to the extent that they seek work product created in anticipation of or during the pendency of this action, including but not limited to research and investigation and analysis concerning Plaintiff's Interrogatories.

- 2 -

Experian deems such protected information not intended to be within the scope of Plaintiff's Interrogatories and will not, and does not intend by these responses to, waive the work product protection afforded such documents.

3.   **Trade Secret.**  Experian objects generally to Plaintiff's Interrogatories to the extent that they seek highly confidential, proprietary or otherwise commercially sensitive information or trade secrets.

4.   **Possession, Custody and Control.**  Experian objects generally to Plaintiff's Interrogatories to the extent that they seek documents that are not in Experian's possession, custody, or control.  Experian only will produce documents in its possession, custody or control in response to the Requests.

Experian incorporates the foregoing general objections and limitations into each of the following specific objections and responses, which are made subject to and without waiver of those general objections and limitations.

## RESPONSES TO PLAINTIFF'S INTERROGATORIES

**INTERROGATORY NO. 1:**

Explain how and why a consumer dispute sent to Experian Information Solutions, Inc. about an item(s) of information appearing in a consumer report prepared by Experian Information Solutions, Inc., ends up being investigated by an entity called Experian Service Chile, S.A.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome and overbroad.  Experian also objects to this Interrogatory on the ground that it is vague and ambiguous with respect to the term "consumer dispute."  Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiver of, the foregoing objections or the General Objections stated above, Experian responds as follows:  Experian Information Solutions, Inc.

IRI-38065v2

receives mail disputes in the National Consumer Assistance Center located in Allen, Texas. Any mail disputes received in Experian's National Consumer Assistance Center in Allen, Texas are imaged and made available to both the Allen, Texas office and the Santiago, Chile office through the NCAC Imaging System ("NIS"). All imaged documents are presented by NIS in its entirety, including the envelope that was used to send the correspondence.

**INTERROGATORY NO. 2:**

How does a consumer dispute (including all relevant information attached to the dispute) received by Experian Information Services, Inc. get to Experian Services Chile, N.A. for reinvestigation?

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome and overbroad. Experian also objects to this Interrogatory on the ground that it is vague and ambiguous with respect to the term "consumer dispute." Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections or the General Objections stated above, Experian responds as follows: Experian Information Solutions, Inc. receives mail disputes in the National Consumer Assistance Center located in Allen, Texas. Any mail disputes received in Experian's National Consumer Assistance Center in Allen, Texas are imaged and made available to both the Allen, Texas office and the Santiago, Chile office through the NCAC Imaging System ("NIS"). All imaged documents are presented by NIS in its entirety, including the envelope that was used to send the correspondence.

**INTERROGATORY NO. 3:**

How does Experian Information Solutions, Inc. determine which consumer disputes received by Experian Information Services, Inc. will be reinvestigated by Experian Services Chile, N.A.?

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome and overbroad. Experian also objects to this Interrogatory on the ground that it is vague and ambiguous with respect to the term "consumer dispute." Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections or the General Objections stated above, Experian responds as follows: Experian Services Chile, S.A. is generally used to respond to all of the mail correspondence received by Experian's National Consumer Assistance Center in Allen, Texas.

**INTERROGATORY NO. 4:**

Please describe any and all the payments made to Experian Services Chile, S.A, for work done by Experian Services Chile, S.A., on any consumer dispute made by Plaintiff to Experian Information Solutions, Inc.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome and overbroad. Experian further objects to this Interrogatory on the ground that it is vague and ambiguous with respect to the term "payment." Experian also objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this Interrogatory on the ground that it seeks confidential, proprietary and/or trade secret information.

**INTERROGATORY NO. 5:**

Please describe the corporate structure or common corporate ownership between Experian Information Solutions, Inc. and Experian Services Chile, S.A.

IRI-38065v2

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this Interrogatory on the ground that it seeks confidential, proprietary and/or trade secret information. Subject to, and without waiver of, the foregoing objections or the General Objections stated above, Experian responds as follows: Experian Services Chile, S.A. is a sister corporation to Experian Information Solutions, Inc.

**INTERROGATORY NO. 6:**

How many disputes processed by Experian Services Chile, S.A. were forwarded to the mixed file department at Experian Information Solutions, Inc., in each of the preceding five years?

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome and overbroad. Experian also objects to this Interrogatory on the ground that it is vague and ambiguous with respect to the term "disputes" Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections or the General Objections stated above, Experian responds as follows: Experian does not track the number of disputes that are forwarded to its mixed file department.

**INTERROGATORY NO. 7:**

Please describe to what extent, if any, Experian Information Solutions, Inc., trains, participates in training, and/or provides training materials to employees of Experian Services Chile, N.A.

IRI-38065v2

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome and overbroad. Experian also objects to this Interrogatory to the extent it is vague and ambiguous in both time and scope. Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Experian further objects to this Interrogatory on the ground that it seeks confidential, proprietary and/or trade secret information. Subject to, and without waiver of, the foregoing objections or the General Objections stated above, Experian responds as follows: Experian Information Solutions, Inc's National Consumer Assistance Center in Allen Texas provides all of the training material and communications updates to the Santiago, Chile National Consumer Assistance Center.

**INTERROGATORY NO. 8:**

Please describe to what extent, if any, Experian Information Solutions, Inc., audits, monitors or otherwise conducts quality control with respect to reinvestigations conducted by Experian Services Chile, N.A..

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome and overbroad. Experian also objects to this Interrogatory to the extent it is vague and ambiguous in both time and scope. Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Experian further objects to this Interrogatory on the ground that it seeks confidential, proprietary and/or trade secret information. Subject to, and without waiver of, the foregoing objections or the General Objections stated above, Experian responds as follows: Experian has a Quality Monitoring Team. The Quality Monitoring team audits, monitors or otherwise conducts

quality control for the National Consumer Assistance Centers in both Allen, Texas and Santiago, Chile.

**INTERROGATORY NO. 9:**

Please identify the Agent ID number for each individual identified in Defendant's Supplemental Response to Request for Production No. 14.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to its General Objections, and without waiver of same, Experian responds as follows:

MPA708177  Pamela Aravena, Dispute Agent, Experian Services Chile, S.A.;

MG708893  Monica Gonzalez, Dispute Agent, Experian Services Chile, S.A.;

IC708944  Isaac Caro, Dispute Agent, Experian Services Chile, S.A.;

AC708941  Alejandra Contreras, Dispute Agent, Experian Services Chile, S.A.;

MG708134  Maria Garces, Dispute Agent, Experian Services Chile, S.A.;

AT712834  Alejandra Torres, Dispute Agent, Experian Services Chile, S.A.;

LM708935  Luis Matamala, Dispute Agent, Experian Services Chile, S.A.;

CH713421  Carolina Herrera, Dispute Agent, Experian Services Chile, S.A.;

GM712842  Gustavo Meneses, Dispute Agent, Experian Services Chile, S.A.;

CS712551  Consuelo Sandoval, Dispute Agent, Experian Services Chile, S.A.;

ML712837  Marco Leiva, Dispute Agent, Experian Services Chile, S.A.; and

MG713497  Maria Eugenia Gutierrez, Dispute Agent, Experian Services Chile, S.A.

**INTERROGATORY NO. 10:**

Please identify by name and Agent ID number each individual employee of Experian Information Solutions, Inc. that handled any aspect of any dispute made by Plaintiff to Experian Information Solutions, Inc.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome and overbroad.  Experian also objects to this Interrogatory on the

- 8 -

IRI-38065v2

ground that it is vague and ambiguous with respect to the term "disputes" Experian further objects to this Interrogatory on the ground that it is not reasonably limited in time or scope. Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of, the foregoing objections or the General Objections stated above, Experian responds as follows: All of Plaintiff's mail correspondence to Experian was handled by consumer dispute agents who are employed by Experian Services Chile, S.A.

**INTERROGATORY NO. 11:**

How many disputes processed by or for Experian Information Solutions, Inc. resulted in a "Repeat Dispute Letter" being sent to the consumer in each of the preceding five years?

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome and overbroad. Experian also objects to this Interrogatory on the ground that it is vague and ambiguous with respect to the term "disputes" Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12:**

Identify the number of consumer disputes that Experian investigated as mixed file matters (according to its own criteria for identifying mixed files) in each of the previous five years.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome and overbroad. Experian also objects to this Interrogatory on the ground that it is vague and ambiguous with respect to the term "consumer disputes." Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of

- 9 -

admissible evidence.  Subject to, and without waiver of, the foregoing objections or the General

Objections stated above, Experian responds as follows:  Experian interprets the term "consumer

dispute" to be a communication from a consumer by telephone, mail or internet.  Experian does

not track or retain records concerning the number of consumer disputes that Experian

investigated as mixed file matters.

**INTERROGATORY NO. 13:**

With respect to the consumer disputes identified in response to Interrogatory No. 12

above, please identify the number of mixed filed *[sic]* that Experian investigated as junior/senior

mixes (according to its own criteria for identifying mixed files) in each of the previous five

years.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground

that it is unduly burdensome and overbroad.  Experian also objects to this Interrogatory on the

ground that it is vague and ambiguous with respect to the terms "disputes" and "junior/senior

mixes."  Experian further objects to this Interrogatory on the ground that it seeks information that

is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to

the discovery of admissible evidence.  Subject to, and without waiver of, the foregoing

objections or the General Objections stated above, Experian responds as follows:  Experian does

not track or retain records concerning the number of consumer disputes investigated as

"junior/senior mixes."

**INTERROGATORY NO. 14:**

Please identify the number of FCRA lawsuits involving a mixed filed claim that Experian

has defended in each of the previous five years.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground

that it is unduly burdensome, patently oppressive, overly broad, and intended solely to harass

Experian.  Specifically, this Interrogatory purports to request Experian to compile information

- 10 -

pertaining to any and all cases alleging a "mixed filed claim" under the FCRA. Experian does not have a centralized repository for all such requested information and would be required to sort through voluminous case files and contact outside counsel in order to obtain and compile the requested information. Moreover, Experian's burden would only grow if it were required to sort through all cases ever filed against it in order to determine which were factually similar to Plaintiff's case. Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending litigation nor reasonably calculated to the lead to the discovery of admissible evidence. Specifically, the information that Plaintiff seeks in this Interrogatory is neither relevant to, nor probative of Plaintiff's claims, in that information pertaining to other lawsuits in which Plaintiff was not involved cannot prove or disprove Plaintiff's claim that his particular credit report contained inaccurate information. Experian also objects on the ground that it seeks information protected by the attorney-client privilege and/or the attorney work product privilege. Experian also objects on the grounds that this Interrogatory is not limited in scope or time. Finally, Experian objects to this Interrogatory on the ground that it seeks information that is available to the Plaintiff through public records.

**INTERROGATORY NO. 15:**

How does Experian utilize, rank or weight different pieces of identifying information, such as first name, middle initial or name, last name, current address, former address, date or year of birth, and Social Security number, when determining what items to include in a given consumer report?

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome, patently oppressive and overly broad. Experian further objects to this Interrogatory on the ground that it is vague and ambiguous as to the phrase "utilize, rank or weight." Experian also objects on the grounds that this Interrogatory is not limited in scope or time. Experian objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given. Experian

- 11 -

further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Experian further objects to this Interrogatory on the ground that it seeks confidential, proprietary and/or trade secret information.

**INTERROGATORY NO. 16:**

Please describe how Experian determined that the Canyon Caldwell public record item should be included in Plaintiff's credit report at any time between October 2008 and the date on which this lawsuit was filed.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is vague and ambiguous as to the phrase "Experian determined." Experian further objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given. Finally, Experian further objects to this Interrogatory on the ground that it seeks confidential, proprietary and/or trade secret information. Subject to, and without waiver of, the foregoing objections of the General Objections stated above, Experian responds as follows: The Canyon Caldwell public record item was reported to Experian as a public record item belonging to a consumer with the name Jose Calderon and the address 615 Mitchell Drive, Wildmer, Idaho 83676-6022.

**INTERROGATORY NO. 17:**

Please describe how Experian determined that "NCO FIN/55" account number 93549655 (appearing on Plaintiffs October 2, 2008 consumer disclosure, see Calderon 0001 - 0007) should be included in Plaintiffs credit report at any time in October 2008.

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is vague and ambiguous as to the phrase "Experian determined." Experian further objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given. Finally, Experian further objects to

IRI-38065v2

this Interrogatory on the ground that it seeks confidential, proprietary and/or trade secret information. Subject to, and without waiver of, the foregoing objections of the General Objections stated above, Experian responds as follows: The NCO FIN/55 account was reported to Experian as a tradeline belonging to a consumer with the name Jose Calderon and the address 615 Mitchell Drive, Wildmer, Idaho 83676-6022.

**INTERROGATORY NO. 18:**

How does Experian utilize, rank or weight different pieces of identifying information, such as first name, middle initial or name, last name, current address, former address, date or year of birth, and Social Security number, when determining whether a particular item should remain or be removed from a consumer's credit file upon dispute by that consumer as to that item?

**RESPONSE TO INTERROGATORY NO. 18:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome, patently oppressive and overly broad. Experian further objects to this Interrogatory on the ground that it is vague and ambiguous as to the phrase "utilize, rank or weight." Experian also objects on the grounds that this Interrogatory is not limited in scope or time. Experian objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given. Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Experian further objects to this Interrogatory on the ground that it seeks confidential, proprietary and/or trade secret information.

**INTERROGATORY NO. 19:**

Please describe to what extent, if any, Experian utilizes, compiles or relies upon any statistical information as to how common a particular name is (whether first name. middle name or last name), when it uses name (whether first name, middle name or last name) as a factor in determining whether a particular item should be included in a given consumer report?

- 13 -

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome, patently oppressive and overly broad. Experian further objects to this Interrogatory on the ground that it is vague and ambiguous as to the phrase "utilizes, compiles or relies" and the term "statistical information." Experian also objects on the grounds that this Interrogatory is not limited in scope or time. Experian objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given. Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Experian further objects to this Interrogatory on the ground that it seeks confidential, proprietary and/or trade secret information.

**INTERROGATORY NO. 20:**

Please describe the corporate structure, common corporate ownership and/or relationship between Experian Information Solutions, Inc., Experian Inc., and TRW, Inc.

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is unduly burdensome, patently oppressive and overly broad. Experian also objects on the grounds that this Interrogatory is not reasonably limited in time or scope . Experian further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Experian further objects to this Interrogatory on the ground that it seeks confidential, proprietary and/or trade secret information. Subject to, and without waiver of, the foregoing objections of the General Objections stated above, Experian responds as follows: TRW Information Systems and Services Division was spun off from TRW, Inc. on September 19, 1996 under a Recapitalization plan. Experian Information Solutions, Inc. began

operating as a credit reporting agency at that time.  On November 14, 1996, Experian

Information Solutions, Inc. was acquired by GUS, plc.

## INTERROGATORY NO. 21:

Please identify any particular policy(ies) and/or procedure(s) that Experian has to prevent

mixed files, if any, that were adopted in an effort to comply with the measures TRW agreed to

undertake in Consent Order dated December 10, 1991, 3-91cv2661-H District of Texas.

## RESPONSE TO INTERROGATORY NO. 21:

In addition to its General Objections, Experian objects to this Interrogatory on the ground

that it is unduly burdensome, patently oppressive and overly broad.   Experian also objects on the

grounds that this Interrogatory is not  reasonably limited in time or scope . Experian further

objects to this Interrogatory on the ground that it seeks information that is neither relevant to the

subject matter of the pending action nor reasonably calculated to lead to the discovery of

admissible evidence.  Finally, Experian further objects to this Interrogatory on the ground that it

seeks confidential, proprietary and/or trade secret information.


Dated:  May 4, 2012                              JONES DAY


                                                 By:_____
                                                     Angela M. Taylor

                                                 Attorneys for Defendant
                                                 EXPERIAN INFORMATION SOLUTIONS,
                                                 INC.

- 15 -

IRI-38065v2

## VERIFICATION

I have read **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE TO PLAINTIFF JOSE LUIS CALDERON'S FIRST SET OF INTERROGATORIES** and know their contents.

I am a Consumer Affairs Specialist employed by Experian Information Solutions, Inc. ("Experian"), a party to this action, and am authorized to make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of Texas that the forgoing is true and correct.

Executed on May 4, 2012, in Allen, Texas.

Teresa Iwanski

IRI-J8442v1

## PROOF OF SERVICE VIA U.S. MAIL

I, Virgilynn Swanson, am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On May 4, 2012, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s): **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** in a sealed envelope, postage fully paid, addressed as follows:

Ryan Thomas Earl                                        *Attorneys for Plaintiff*
ryantearlattorneyatlaw@yahoo.com
Earl & Earl, PLLC
212 Tenth Avenue South
Nampa, Idaho  83651
T:      (208) 890-0355

Sylvia A. Goldsmith                                    *Attorneys for Plaintiff*
sgoldsmith@sgoldsmithlawoffice.com
Law Office of Sylvia A. Goldsmith
Milano Law Building
2639 Wooster Road
Rocky River, OH  44116
T:      (440) 934-3025

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 4, 2012, at Irvine, California.

Virgilynn Swanson

IRI-38065v2