THE LAW OFFICE OF
# SYLVIA A. GOLDSMITH
*Protecting Ohio Consumers*

Gemini Towers, 1991 Crocker Road – Suite 600, Westlake, OH  44145
Telephone:  440.934.3025   Facsimile:  440.934.3026

May 10, 2012

Angela Taylor, Esq.
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

    Re:    *Jose Luis Calderon v. Experian Information Solutions, Inc.*

Dear Ms. Taylor,

    I have received and carefully reviewed Defendant's Responses to Plaintiff's First Set of Interrogatories, Responses to Plaintiff's First Set of Requests for Admission, and Responses to Plaintiff's Second Set of Document Requests that arrived earlier this week.  I am writing to outline several deficiencies in these responses in the hopes of avoiding the need for another Motion to Compel.

Responses to Plaintiff's First Set of Interrogatories

    Interrogatory No. 1 specifically directs Defendant to explain "how and why" mail disputes received by Defendant are forwarded to an allegedly separate and distinct entity for reinvestigation.  While you have provided the mechanics of the mail forwarding system (which is actually what is requested in Interrogatory No. 2), there is no explanation of why Defendant does so.

    With respect to Response to Interrogatory No. 4, you have responded with nothing more than objections.  Being that Defendant has chosen to delegate every aspect of its federally-mandated obligation to reinvestigation Plaintiff's disputes to Experian Services Chile, S.A., *see* Responses to Interrogatory Nos. 3 and 10, it is disingenuous for you to claim that the relationship between the two entities, specifically including any payment arrangement, is irrelevant here.

Interrogatory No. 5 asks for a description of the common ownership between Defendant and Experian Services Chile, S.A., While you have advised that they two entities are "sister" corporations, nothing has been provided as to their common ownership.

Interrogatory Nos. 6, 12 and 13 all request information about the number of mixed file disputes Defendant investigates. In response to each, you have indicated that Defendant does not track that information. I caution you in this representation since, as was noted in Plaintiff's Motion to Compel that is presently pending before the Court, the requested information (current as of 2010) was volunteered by Defendant in *Howley v. Experian Information Solutions, Inc.*, Civil Action No. 09-241 (D.N.J. 2010).

With respect to Response to Interrogatory No. 11, you have provided nothing more than objections. As you know, Plaintiff disputed the appearance of a public record judgment that does not belong to him more than a dozen times, and Defendant's internal records show that virtually every one of his disputes after the first one was determined to be a "duplicate dispute." Needless to say, Defendant's policies and procedures about determining and/or handling duplicate disputes is at the heart of this case, and Plaintiff is entitled to discover how extensive Defendant's reliance on its policy not to reinvestigate matters it unilaterally determines to be a "duplicate dispute" is.

Interrogatory No. 14 requests information about the number of mixed file lawsuits Defendant has defended. As with mixed file dispute information, the requested information (current as of 2010) was volunteered by Defendant in *Howley*, *supra*.

Interrogatory Nos. 15, 18, 19 and 21, all touch on the underlying methods employed by Defendant with respect to preventing mixed files. Defendant's refusal to produce information on this issue is curious being that Plaintiff has stated a claim pursuant to 15 U.S.C. § 1681 *e*(b), requiring Defendant to follow reasonable procedures. Courts have regularly held that a defendant's effort to hide the ball on underlying procedures actually goes to **prove** the plaintiff's claims since the record ends up showing no evidence of any procedure let alone a reasonable one. I suspect this will be something we will want to discuss with the Court on June 6 during the already scheduled Motion to Compel hearing.

Sincerely,

LAW OFFICE OF SYLVIA A. GOLDSMITH

By: /s/ Sylvia A. Goldsmith

Sylvia A. Goldsmith, Esq.