Jason E. Prince, Esq.
STOEL RIVES LLP
101 S. Capitol Blvd.
Boise, ID 83702
Tel.: (208) 387-4288
Fax: (208) 380-9040

Angela M. Taylor (CA Bar No. 210425) (Pro Hac Vice)
angelataylor@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone:     (949) 851-3939
Facsimile:     (949) 553-7539

*ATTORNEYS FOR DEFENDANT*
*EXPERIAN INFORMATION SOLUTIONS, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| Jose Luis Calderon, | **Case No: 1:11-cv-00386-EJL** |
| Plaintiff, | |
| v. | DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S NOTICE OF RULE 30(B)(6) VIDEO DEPOSITION |
| Experian Information Solutions, Inc. | |
| Defendant. | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that Defendant Experian Information Solutions, Inc.

("Experian") hereby provides the following objections and responses to Plaintiff Jose Luis

Calderon's Amended Notice of Rule 30(b)(6) Video Deposition Directed to Experian

Information Solutions, Inc. ("Notice").

## GENERAL OBJECTIONS

A.    Privileges:  Experian generally objects to the Notice, and each topic listed therein, to the extent that it seeks testimony or information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the privilege afforded financial records, the right of privacy of any person or entity, including (without limitation) that contained in any applicable privilege or protection.  Experian claims such privileges and invokes such protection.

B.    Trade Secrets:  Experian generally objects to the Notice, and each topic listed therein, to the extent it seeks testimony or information that is highly confidential, proprietary, or otherwise commercially sensitive information or trade secrets.

C.    Possession, Custody, and Control:  Experian generally objects to the Notice, and each topic listed therein, to the extent it seeks to obtain testimony and information regarding materials not within Experian's possession, custody or control.  Such Notice seeks to impose an obligation on Experian that is not authorized by the Federal Rules of Civil Procedure and is objectionable on that ground.

D.    Irrelevant:  Experian generally objects to the Notice, and each topic listed therein, to the extent it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

F.    Expert Testimony:  Experian generally objects to the Notice, and each topic listed therein, to the extent that it calls for testimony and information that is or may be the subject of expert witness testimony.

G.    Right to Supplement:  Experian has responded and objected to Plaintiff's Notice based upon its best, good faith understanding and interpretation of each topic therein. Accordingly, if Plaintiff subsequently asserts a different interpretation than that presently understood by Experian, or if other information becomes available to Experian, Experian reserves the right to supplement or amend these responses and objections.

IRI-40761v1

H.      Location:  Experian generally objects to the location set forth in the deposition notice, as the deposition is not noticed to take place at Experian's principal place of business or the location of the corporate designee.

I.      Experian incorporates the foregoing General Objections and limitations into each of the following specific responses, which responses are made subject to, and without waiver of, those General Objections and limitations.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPICS

### [Credit Files]

**DEPOSITION TOPIC NO. 1:**

Please identify, authenticate, describe and explain with specificity any and all Administrative Reports, D/R Logs, Disclosure Logs, SSP searches, credit scores, or other information on Plaintiff generated, maintained and/or stored by you.

**RESPONSE TO DEPOSITION TOPIC NO. 1:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous; (iii) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (iv) is not relevant to the subject matter of the present litigation; and (v) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 2:**

Please identify, authenticate, describe and explain with specificity any and all Administrative Reports, D/R Logs, Disclosure Logs, SSP searches, or other information on Jose C. Calderon maintained and/or stored by you.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous; (iii) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (iv) is not relevant to the subject matter of the present litigation; and (v) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 3:**

Please identify, authenticate, describe and explain with specificity any and all codes, keys or other documentation that would describe how to read, interpret or otherwise explain any of the terms, shorthand, abbreviations or any other information provided in or on any of the documents produced by Experian in this litigation.

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**[NCAC in Santiago, Chile]**

**DEPOSITION TOPIC NO. 4:**

Please identify, authenticate, describe and explain with specificity any contract(s), agreement(s), or other written understanding(s) by and between any Experian entities that controls, governs, describes or outlines any facet of the operation of the NCAC in Santiago, Chile. This Subject specifically includes, but is not limited to, any and all information surrounding the negotiation of, specific terms, and the actual costs referred to in the Experian Intracompany Services Agreement produced in this litigation, Bates No. EXP/CALDERON 001312.

**RESPONSE TO DEPOSITION TOPIC NO. 4:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) is overly broad, oppressive, and unduly burdensome; (ii) is vague and ambiguous in its use of the term "written understanding" and the phrase "any facet of the operation"; (iii) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (iv) is not relevant to the subject matter of the present litigation; and (v) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Scott Yamanaka at the company's place of business located at 475 Anton Boulevard, Costa Mesa, California  92626, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 5:**

Please identify, authenticate, describe and explain with specificity any cost or payment arrangement(s) by and between any Experian entities for reinvestigations done by the NCAC in Santiago, Chile, for Defendant. This Subject specifically seeks, but is not limited to, information about how the NCAC in Santiago, Chile, is directly or indirectly compensated for reinvestigations it performs on Defendant's behalf, and/or how the costs of conducting such reinvestigations are paid, and by whom.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) is overly broad, oppressive, and unduly burdensome; (ii) is vague and ambiguous; (iii) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (iv) is not relevant to the subject matter of the present litigation; and (v) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Scott Yamanaka at the company's place of business located at 475 Anton Boulevard, Costa Mesa, California 92626, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 6:**

Please identify, authenticate, describe and explain with specificity the process through which it was decided by and between any Experian entities, including any cost benefit analysis, to open a second NCAC. Without limiting this Subject in any way and to the extent you considered alternate locations for such NCAC, this Subject seeks information about the process through which it was decided that the second NACA would be located in Santiago, Chile.

**RESPONSE TO DEPOSITION TOPIC NO. 6:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly; (iii) is vague and ambiguous in its use of the phrase "cost benefit analysis"; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; (vi) is not reasonably calculated to lead to the discovery of admissible evidence; and (vii) seeks information protected by the attorney client privilege and attorney work product doctrine.

**DEPOSITION TOPIC NO. 7:**

Please identify, authenticate, describe and explain with specificity the process by which a consumer dispute addressed to Experian in Allen, Texas is handled, processed and/or reinvestigated by an agent(s) in the NCAC in Santiago, Chile. Without limiting this Subject in any way, this Subject seeks information about how it is determined to have a certain dispute handled, processed and/or reinvestigated by an agent(s) in the NCAC in Santiago, Chile, and the physical process through which that dispute is both sent (from the NCAC in Allen, Texas) and received (by the NCAC in Santiago, Chile).

**RESPONSE TO DEPOSITION TOPIC NO. 7:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 8:**

Please identify, authenticate, describe and explain with specificity any and all efforts made by Defendant to audit, monitor or otherwise conduct quality control of the reinvestigations conducted on its behalf by agents in the NCAC in Santiago, Chile.

**RESPONSE TO DEPOSITION TOPIC NO. 8:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is

overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous in its use of the terms "audit," "monitor" or in its use of the phrase "otherwise conduct quality control"; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**[Policies and Procedures]**

## DEPOSITION TOPIC NO. 9:

Please identify, authenticate, describe and explain with specificity Defendant's policies, practices, training, standards, rules, and/or procedures for any department or center that handles non-fraud related consumer contacts, requests and/or disputes. Without limiting this Subject in any way, and to the extent there is a difference in such policies, procedures, training standards, rules and/or procedures with respect to employees located in Allen, Texas, and agents who work in the NCAC in Santiago, Chile, this Subject specifically seeks information about those differences.

## RESPONSE TO DEPOSITION TOPIC NO. 9:

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 10:**

Please identify, authenticate, describe and explain with specificity what training and supervision Defendant's employees and/or agents receive as to compliance with the FCRA, including 15 U.S.C. § 1681i. Without limiting this Subject in any way, and to the extent there is a difference in such training and supervision with respect to employees located in Allen, Texas, and agents who work in the NCAC in Santiago, Chile, this Subject specifically seeks information about those differences.

**RESPONSE TO DEPOSITION TOPIC NO. 10:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 11:**

Please identify, authenticate, describe and explain with specificity what training and supervision Defendant's employees and/or agents receive as to compliance with Experian's policies and procedures regarding reinvestigation of disputed information. Without limiting this Subject in any way, and to the extent there is a difference in such training and supervision with

respect to employees located in Allen, Texas, and those who work in the NCAC in Santiago, Chile, this Subject specifically seeks information about those differences.

**RESPONSE TO DEPOSITION TOPIC NO. 11:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 12:**

Please identify, authenticate, describe and explain with specificity what training and supervision Defendant's employees and/or agents receive as to compliance with Experian's policies and procedures on handling, processing or reinvestigating what Experian calls a "duplicate dispute." Without limiting this Subject in any way, and to the extent there is a difference in such training and supervision with respect to employees located in Allen, Texas, and those who work in the NCAC in Santiago, Chile, this Subject specifically seeks information about those differences.

**RESPONSE TO DEPOSITION TOPIC NO. 12:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is

- 10 -

not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

## DEPOSITION TOPIC NO. 13:

Please identify, authenticate, describe and explain with specificity what training and supervision Defendant's employees and/or agents receive as to compliance with Experian's policies and procedures regarding mixed files, and how it is determined which employees and/or agents get what training and supervision with respect to mixed files. Without limiting this Subject in any way, and to the extent there is a difference in such training and supervision with respect to employees located in Allen, Texas, and those who work in the NCAC in Santiago, Chile, this Subject specifically seeks information about those differences.

## RESPONSE TO DEPOSITION TOPIC NO. 13:

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

## DEPOSITION TOPIC NO. 14:

Please identify, authenticate, describe and explain with specificity any and all programs Experian has under which Defendant's employees or agents who communicate with consumers

or handle any aspect of consumer disputes are provided any bonus, pay, or other incentive. Without limiting this Subject in any way, and to the extent there is a difference in such program, if any, with respect to employees located in Allen, Texas, and those who work in the NCAC in Santiago, Chile, this Subject specifically seeks information about those differences.

**RESPONSE TO DEPOSITION TOPIC NO. 14:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome in that the Topic contains no appropriate time limitation; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**[Specific Reinvestigations Relating to Plaintiff's Credit File]**

**DEPOSITION TOPIC NO. 15:**

Please identify, authenticate, describe and explain with specificity all communications between Plaintiff and Experian. Without limiting this Subject in any way, and to the extent some communications may have been generated from the NCAC in Santiago, Chile, this Subject specifically seeks information about those communications as well.

**RESPONSE TO DEPOSITION TOPIC NO. 15:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (ii) is

not relevant to the subject matter of the present litigation; and (iii) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 16:**

Please identify, authenticate, describe and explain with specificity all information that relates to Plaintiff or any reinvestigation regarding any account or record related to Plaintiff or for which Plaintiff lodged a dispute. Without limiting this Subject in any way, and to the extent some information may have been generated from or otherwise maintained in the NCAC in Santiago, Chile, this Subject specifically seeks information about that information as well.

**RESPONSE TO DEPOSITION TOPIC NO. 16:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 17:**

Please identify, authenticate, describe and explain with specificity any and all information utilized, considered or otherwise accessed by or for Experian relating to Plaintiff, Plaintiffs file or any reinvestigation of any information contained in Plaintiffs file. Without limiting this Subject in any way, and to the extent some information may have been generated

IRI-40761v1

from or otherwise maintained in the NCAC in Santiago, Chile, this Subject specifically seeks information about that information as well.

**RESPONSE TO DEPOSITION TOPIC NO. 17:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 18:**

Please identify, authenticate, describe and explain with specificity all communications between Defendant (or any individual or entity acting on Defendant's behalf) and any entity at any time specifically relating to the Canyon Caldwell public record item.

**RESPONSE TO DEPOSITION TOPIC NO. 18:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 19:**

Please identify, authenticate, describe and explain with specificity all communications between Defendant (or any individual or entity acting on Defendant's behalf) and any entity at any time specifically relating to any NCO tradeline(s) that appears in Plaintiff's credit file.

**RESPONSE TO DEPOSITION TOPIC NO. 19:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad and unduly burdensome; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**[Mixed Files]**

**DEPOSITION TOPIC NO. 20:**

Please identify, authenticate, describe and explain with specificity Experian's definition and/or understanding of what a mixed file is specifically including, but not limited to, the different types of mixed files that can exist.

**RESPONSE TO DEPOSITION TOPIC NO. 20:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous as to the phrase "types of mixed files"; (iv) calls for the production of confidential, commercially sensitive,

- 15 -

proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 21:**

Please identify, authenticate, describe and explain with specificity how Experian identifies or "confirms" the existence or appearance of a mixed file within its database. To the extent how Experian identifies or "confirms" a mixed file depends on the type of mixed file involved, this Subject specifically seeks information about any and all variances involved.

**RESPONSE TO DEPOSITION TOPIC NO. 21:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous in its use of the term "identifies" and "confirms" and the use of the phrase "mixed file within its database"; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 22:**

Please identify, authenticate, describe and explain with specificity how Experian corrects a mixed file. To the extent how Experian corrects a mixed file depends on the type of mixed file involved, this Subject specifically seeks information about any and all variances involved.

- 16 -

**RESPONSE TO DEPOSITION TOPIC NO. 22:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad and unduly burdensome; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 23:**

Please identify, authenticate, describe and explain with specificity any and all methods by which Experian makes sure that a file it has confirmed is a mixed file does not become mixed again at some point in the future. To the extent the method by which Experian makes sure a corrected mixed file does not become mixed again in the future depends on the type of mixed file involved, this Subject specifically seeks information about any and all variances involved.

**RESPONSE TO DEPOSITION TOPIC NO. 23:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad and unduly burdensome; (iii) is vague and ambiguous; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

IRI-40761v1

Subject to and without waiving its objections, Experian will designate Teresa Iwanski at the company's principal place of business located at 701 Experian Parkway, Allen, Texas 75013, to provide deposition testimony, if any, in response to this topic as Experian understands it.

**DEPOSITION TOPIC NO. 24:**

Please identify, authenticate, describe and explain with specificity to what extent Experian monitors or tracks the number of disputes or legal complaints it receives relating to or alleging the existence of a mixed file.

**RESPONSE TO DEPOSITION TOPIC NO. 24:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) seeks information protected by the attorney client privilege and attorney work product doctrine; (ii) does not describe with reasonable particularity the matters on which examination is requested; (iii) is overly broad, oppressive, and unduly burdensome in that the Topic is not reasonably limited by the applicable statute(s) of limitations or other appropriate time limitation; (iv) is vague and ambiguous as to the term "disputes" and "legal complaints"; (v) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (vi) is not relevant to the subject matter of the present litigation; and (vii) is not reasonably calculated to lead to the discovery of admissible evidence.

**DEPOSITION TOPIC NO. 25:**

To the extent Experian has adopted any particular policy(ies) and/or procedure(s) in an effort to comply with the measures TRW agreed to undertake in the Consent Order dated December 10, 1991, Case No. 3-91cv2661-H District of Texas, that are currently in place or that have been in place at any point in the previous five (5) years, please identify, authenticate, describe and explain with specificity any such policy(ies) and/or procedure(s).

**RESPONSE TO DEPOSITION TOPIC NO. 25:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) seeks

information protected by the attorney client privilege and attorney work product doctrine; (ii) improperly calls for a legal opinion from a lay witness; (iii) is overly burdensome in that it calls for testimony about legal contentions by means of a deposition; (iv) does not describe with reasonable particularity the matters on which examination is requested; (v) is overly broad, oppressive, and unduly burdensome; (vi) is vague and ambiguous; (vii) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (viii) is not relevant to the subject matter of the present litigation; and (ix) is not reasonably calculated to lead to the discovery of admissible evidence.

**[Other]**

## DEPOSITION TOPIC NO. 26:

Please identify, authenticate, describe and explain with specificity to what extent Experian (or any related or unrelated entity] engages in a cost/benefit analyses regarding expenditures necessary for Experian's compliance with 15 U.S.C. § 1681*i* or the reinvestigation of disputed credit information.

## RESPONSE TO DEPOSITION TOPIC NO. 26:

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous in its use of the terms and phases "cost/benefit analyses," and "expenditures necessary for compliance"; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this Topic to the extent that neither Experian Information Solutions, Inc. nor Experian Services Chile, S.A. maintain a "cost/benefit analyses" for the cost of compliance with the FCRA. In addition, neither Experian Information Solutions, Inc. nor Experian Services Chile, S.A. maintain a "cost/benefit analyses" of the cost of reinvestigations of consumer disputes

- 19 -

**DEPOSITION TOPIC NO. 27:**

Please identify, authenticate, describe and explain with specificity to what extent Experian (or any related or unrelated entity] engages in a cost/benefit analysis regarding expenditures necessary for cost of defending cases of disputed credit information versus compliance with 15 U.S.C. § 1681*i* or the reinvestigation of disputed credit information.

**RESPONSE TO DEPOSITION TOPIC NO. 27:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is overly broad, oppressive, and unduly burdensome; (iii) is vague and ambiguous in its use of the terms and phases "cost/benefit analyses," and "expenditures necessary for compliance"; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.  Experian further objects to this Topic to the extent that neither Experian Information Solutions, Inc. nor Experian Services Chile, S.A. maintain a "cost/benefit analyses" for the cost of compliance with the FCRA or the defense of lawsuits.  In addition, neither Experian Information Solutions, Inc. nor Experian Services Chile, S.A. maintain a "cost/benefit analyses" of the cost of reinvestigations of consumer disputes

**DEPOSITION TOPIC NO. 28:**

Please identify, authenticate, describe and explain with specificity what studies Experian has sanctioned and/or participated in, whether formal or informal, on the accuracy of information in Experian's consumer reports or consumer reports generally.

**RESPONSE TO DEPOSITION TOPIC NO. 28:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) does not describe with reasonable particularity the matters on which examination is requested; (ii) is

- 20 -

overly broad, oppressive, and unduly burdensome in that the Topic is not reasonably limited by the applicable statute(s) of limitations or other appropriate time limitation; (iii) is vague and ambiguous in its use of the term "studies"; (iv) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (v) is not relevant to the subject matter of the present litigation; and (vi) is not reasonably calculated to lead to the discovery of admissible evidence.

**DEPOSITION TOPIC NO. 29:**

Please identify, authenticate, describe and explain with specificity any legal interpretations on which Experian intends to rely as a defense to any claim in the instant case. For each such interpretation(s), please identify, authenticate, describe and explain with specificity how it was determined that such interpretation would be relied upon here.

**RESPONSE TO DEPOSITION TOPIC NO. 29:**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects to the Topic on the grounds, and to the extent, that it: (i) seeks information protected by the attorney client privilege and attorney work product doctrine; (ii) improperly calls for a legal opinion from a lay witness; (iii) is overly burdensome in that it calls for testimony about legal contentions by means of a deposition; (iv) does not describe with reasonable particularity the matters on which examination is requested; (v) is overly broad, oppressive, and unduly burdensome in that the Topic is not reasonably limited by the applicable statute(s) of limitations or other appropriate time limitation; (vi) is vague and ambiguous; (vii) calls for the production of confidential, commercially sensitive, proprietary, or trade secret information; (viii) is not relevant to the subject matter of the present litigation; and (ix) is not reasonably calculated to lead to the discovery of admissible evidence.

Dated:  July 23, 2012

JONES DAY

By:

Angela M. Taylor

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On July 23, 2012, I served a copy of the within document(s): **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S NOTICE OF RULE 30(B)(6) VIDEO DEPOSITION**

    ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

    ☒    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Ryan Thomas Earl<br>ryantearlattorneyatlaw@yahoo.com<br>Earl & Earl, PLLC<br>212 Tenth Avenue South<br>Nampa, Idaho 83651<br>T:    (208) 890-0355 | *Attorneys for Plaintiff* |
| Sylvia A. Goldsmith<br>sgoldsmith@sgoldsmithlawoffice.com<br>Law Office of Sylvia A. Goldsmith<br>Milano Law Building<br>2639 Wooster Road<br>Rocky River, OH 44116<br>T:    (440) 934-3025 | *Attorneys for Plaintiff* |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

IRI-40761v1

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Virgilynn S. Swanson

IRI-40761v1