THE LAW OFFICE OF
# SYLVIA A. GOLDSMITH
*Protecting Ohio Consumers*

---

Gemini Towers, 1991 Crocker Road – Suite 600, Westlake, OH 44145
Telephone: 440.934.3025  Facsimile: 440.934.3026

July 24, 2012

**VIA ELECTRONIC DELIVERY**
Angela Taylor, Esq.
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408

    Re:    *Jose Luis Calderon v. Experian Information Solutions, Inc.*

Dear Ms. Taylor,

I have carefully reviewed Experian's Responses and Objections to Plaintiff's Amended Notice of Rule 30(B)(6) Deposition that you served late yesterday (after close of business EST). As we discussed earlier today, there remain a few issues that need to be resolved before Thursday when we are scheduled to proceed with the first of two Rule 30(b)(6) deponents.

First, there are seven (7) Subjects of Examination for which Experian has not offered a deponent to testify.

Subject of Examination No. 5 seeks testimony about how it was decided that Experian would open a second NCAC, specifically in Santiago, Chile. You indicated that this was "a business decision based on advice of counsel" and so, any testimony would be protected by attorney/client privilege and/or the attorney work product doctrine. As I indicated to you, even if specific research done by and/or communications with counsel impacted the underlying business decision, Plaintiff is entitled to depose a corporate designee on the decision-making process, not all of which would be protected. This information goes directly toward proof of Plaintiff's willful claim, and Experian cannot disclaim responsibility for its deliberate decisions on the notion that counsel steered it in a particular direction.

Subject of Examination No. 24 seeks testimony about the extent to which "Experian monitors or tracks the number of disputes or legal complaints it receives relating to or alleging the existence of a mixed file." You have indicated that there are supplemental interrogatory responses

Angela Taylor, Esq.
JONES DAY
July 24, 2012
Page Two

similar in nature for which Teresa Iwanski, Thursday's Rule 30(b)(6) designee, has signed the verification page, so I am free to question her about those discovery responses. However, the purpose of Rule 30(b)(6) is to obtain testimony *on behalf of* the corporate defendant. Therefore, we expect either Ms. Iwanski will be identified as the corporate designee to testify on the matter, or another witness will be put forth in that capacity. Please confirm which it will be in advance of Thursday's deposition.

Subject of Examination No. 25 seeks testimony on whether and to what extent (if at all) Experian has adopted particular policies and/or procedures in an effort to comply with the measures TRW – Experian's predecessor – agreed to undertake in the 1992 Consent Order. As this litigation stems from disputes related to items included in Plaintiff's credit report that did not belong to him, *i.e.*, the definition of a mixed file, Experian's long-standing knowledge and experience with mixed files is relevant to Plaintiff's claims. If Experian made no effort to comply with the Consent Order of its predecessor, then so be it. But Plaintiff is still entitled to testimony saying as much.

Subject of Examination Nos. 26 and 27 both seek testimony about whether and to what extent Experian conducts any sort of cost/benefit analysis with respect to complying with 15 U.S.C. § 1681*i* and/or conducting reinvestigations. You have insisted that no such cost/benefit analysis is done by Experian. In our conversation earlier today, I pointed out that I feared that Experian's position on this issue stems from a misunderstanding of the information sought because, honestly, that position is not credible. Clearly, Experian must examine, on some sort of regular basis, whether its reinvestigations could run more efficiently, *i.e.*, for less money. Therefore, to be clear, Subject of Examination Nos. 26 and 27 (and the corresponding interrogatories and/or document requests) seek information about whether and to what extent Experian has chosen to adopt (or *not* adopt) any particular policy or procedure relating to its reinvestigations and/or defense strategy based on how much it would cost Experian to do so versus how much it would cost Experian *not* to do so. Regardless of the substantive answer(s) to these questions, Plaintiff is entitled to a witness speaking for the company to provide a response.

Subject of Examination No. 28 seeks testimony about "what studies Experian has sanctioned and/or participated in" relating to Experian's accuracy rates. To the extent Experian has information about the accuracy of information in its credit reports, regardless of the source of that information and whether or not Experian participated in compiling such information, Plaintiff is allowed to inquire about it. Again, this information goes to proof of Plaintiff's willful claim, specifically what Experian knew when making decisions about the policies and procedures that are at issue here.

Subject of Examination No. 29 seeks testimony about "any legal interpretations on which Experian intends to rely as a defense to any claim in the instance case." Pursuant to *Safeco*

Angela Taylor, Esq.
JONES DAY
July 24, 2012
Page Three


*Insurance Co. of America v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007), this information is directly relevant to Plaintiff's willful claim. Experian made specific decisions as to what policies and procedures it would adopt, and if Experian intends to argue *here* that any of those decisions were based on a legal reading or interpretation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, then Plaintiff unequivocally is entitled to discover not only what those readings or interpretations were, but also who made the decision(s) to rely on them and how that reliance impacted the ultimate decision(s) that was made. Experian cannot expect to keep that information from Plaintiff now, and then pull out some hidden reliance later to shield itself from a willfulness determination.

Second, as I advised you earlier today, Attorney Len Bennett has joined in the representation of Plaintiff, and will be filing his notice of appearance imminently. It is my understanding that Mr. Bennett has an agreement with Experian, by and through Jones Day, to produce certain documents in each case in which he is involved. I trust that any such documents that have not already been produced in this case will be done so immediately. I reiterate my offer to briefly continue Ms. Iwanski's deposition, if necessary, to ensure that all materials have been produced.

In addition to the foregoing issues that need to be resolved in advance of Thursday's deposition, you and I have had ongoing discussions about the logistics of deposing the three (3) individual agents in Santiago, Chile, to the extent Plaintiff deems such depositions necessary after completion of the Rule 30(b)(6) depositions. You have steadfastly taken the position that it is "premature" to discuss the matter until the Rule 30(b)(6) depositions are completed. However, with a discovery deadline a little more than six (6) weeks away, it would be irresponsible for Plaintiff not to explore and calendar the necessary steps that need to be taken in advance of such depositions should they be necessary.

In its *Order on Plaintiff's Motion to Compel*, the Court specifically found that the relationship between Defendant and Experian Services Chile, S.A. "is sufficiently close to treat them as the same for purposes of the present discovery disputes." *See* Order at 4. In other words, having chosen to utilize its sister corporation (albeit a foreign corporation) as its agent to conduct reinvestigations, Experian must produce responsive discovery even if such discovery relates to "work conducted by employees" of Experian Services Chile, S.A. Plaintiff believes this finding places the burden on Experian to produce for deposition the specific agents who handled Plaintiff's disputes should Plaintiff desire to depose them.

You have indicated that it is "against Chilean law" for Experian to do so. When asked, point blank, if you were representing that Experian could not legally ask these individuals to appear voluntarily for deposition, you first claimed unequivocally "no." You then hedged a bit, saying that based on your limited understanding of Chilean law, you did not believe so.

Angela Taylor, Esq.
JONES DAY
July 24, 2012
Page Four

   The problem is this: Chile appears to be one of the few countries in the world not party to the Hague Convention which would allow a subpoena to be issued for the individual agents' appearance. In order for Plaintiff to command these agents' to appear, he would be required to commence the "letter rogatory" process which, according to Plaintiff's research, will take approximately one (1) year's time and nearly $7000 in upfront costs. While that may suit Experian's purposes just fine (and perhaps explains why Experian elected to open its second NCAC in Chile), Plaintiff believes he has an absolute right to speak to the actual individuals who handled the reinvestigations in question should he choose to do so. *See*, *e.g.*, *Brenda Faith Campbell v. Experian Information Solutions, Inc.*, Case No. 08-04217-CV-C-NKL (W.D. Mo. 2009).

   So that leaves us with the question of how to proceed. As we discussed earlier today, I am confident that you and I are not going to agree on a way to resolve this. Even though Rule 30(b)(6) depositions have yet to be completed, I believe this is a matter than needs to be brought to the Court's attention as soon as possible. I ask that you provide me with Experian's official position on its ability to request its agents to appear voluntarily for deposition so that we may do so.

   On an unrelated note, we have shipped documents to be used at Thursday's deposition to Jones Day Dallas, addressed to the court reporter in care of you. They should arrive tomorrow. If you could please confirm their delivery, I would appreciate it.

   Finally, Evan Hendricks asked me to remind you that he charges $400/hour (with a $1200 minimum) for deposition testimony. He has asked that a check for the minimum be brought to his deposition Friday, with anything over three hours to be billed subsequent to the conclusion of the deposition.

           Sincerely,

           LAW OFFICE OF SYLVIA A. GOLDSMITH

           /s/ *Sylvia A. Goldsmith*
       By:
           Sylvia A. Goldsmith, Esq.


cc: Ryan Earle, Esq.
   Len Bennett, Esq.