Jason E. Prince, Esq.
STOEL RIVES LLP
101 S. Capitol Blvd.
Boise, ID 83702
Tel.: (208) 387-4288
Fax: (208) 380-9040

Angela M. Taylor (CA Bar No. 210425) (Pro Hac Vice)
angelataylor@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone:    (949) 851-3939
Facsimile:    (949) 553-7539

*ATTORNEYS FOR DEFENDANT*
*EXPERIAN INFORMATION SOLUTIONS, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| Jose Luis Calderon,<br><br>        Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc.<br><br>        Defendant. | **Case No: 1:11-cv-00386-EJL**<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendant Experian Information Solutions, Inc., ("Experian"), hereby provides its Second Supplemental Response to Plaintiff's First Set of Requests for Production of Docuements, served by Plaintiff Jose Luis Calderon ("Plaintiff").

## Preliminary Statement

Although Experian has made a diligent and good faith effort to obtain information with which to respond to Plaintiff's First Set of Requests for the Production of Documents ("Requests"), discovery in this matter is ongoing. Moreover, Experian has not yet completed its investigation of this matter. For these reasons, Experian's responses may be incomplete. Accordingly, all of the following objections and responses are given without prejudice to and with the express reservation of Experian's right to supplement or modify its objections and responses to the extent required by applicable law to incorporate later discovered information, and to rely upon any and all such information at trial or otherwise. Likewise, Experian shall not be prejudiced if any of its present objections and responses are based on an incomplete knowledge or comprehension of the facts, events or occurrences involved in this matter. Experian also has objected and responded to the Requests based on its best, good faith understanding and interpretation of each item therein. Accordingly, if Plaintiff subsequently asserts a different interpretation than that presently understood by Experian, Experian reserves the right to supplement or amend these objections and responses.

Finally, Experian's responses to the Requests do not constitute admissions or acknowledgments that the documents sought are within the proper scope of discovery. Nor shall a statement that documents will be produced constitute an admission that such documents actually exist. Instead, it only shall mean that, if responsive documents exist and survive the general and specific objections, they will be produced. Likewise, an objection to producing documents does not mean that documents otherwise responsive to a particular demand in fact exist.

## General Objections

1.  **Privilege**. Experian objects to Plaintiff's Requests to the extent they call for the production of documents that mention, discuss or refer to information protected by the attorney client privilege, the attorney work-product doctrine, the right of privacy of any person or entity, or any other applicable privilege or protection. Experian deems such privileged communications not

intended to be within the scope of these Requests and will not, and does not intend by these responses to, waive the privilege afforded such privileged communications.

2.   **Scope of Permissible Discovery**.  Experian objects to Plaintiff's Requests to the extent they are inconsistent with or expand the scope of permissible discovery under the Federal Rules of Civil Procedure. Experian will only respond to the Requests pursuant to its obligations under the Federal Rules.

3.   **Duplication**.  Experian objects to Plaintiff's Requests to the extent that they are duplicative.

4.   **Objections Not Waived**.  Experian's responses are made without waiving any objections to relevance, privilege or admissibility of any information provided in response to Plaintiff's Requests in any subsequent proceeding or at the trial of this or any other action. A partial answer to any request that has been objected to in whole or in part is not a waiver of that objection. By asserting various objections, Experian does not waive any other objections that may become applicable.

5.   **Time Period**.   Experian objects to Plaintiff's Requests that are not confined to a relevant time period because they are overly broad.

6.   **Trade Secret**.  Experian objects to the Requests to the extent that they call for the production of documents that mention, discuss or refer to information that is highly confidential, proprietary or trade secret information.

7.   **Definitions and Instructions**.  Experian objects to Plaintiff's "Instructions and Definitions" on the ground that they are overbroad and purport to require Experian to perform tasks beyond its obligations under the Federal Rules of Civil Procedure. Experian will respond to the Requests pursuant to its obligations under the Federal Rules of Civil Procedure.

8.   **Possession, Custody and Control**.  Experian's agreement to produce documents in response to any particular category in the Requests is not a representation or admission that any documents are in fact in Experian's possession, custody or control, but is instead an agreement to

produce such non-privileged documents, if any, as Experian has located in its possession, custody or control.

9.  **Definition of "Defendant," "You" and "Your"**. Experian objects to the definition of "Defendant," "You" and "Your" on the grounds that it is so unduly overbroad and not limited in time or scope in a manner relevant to the material issues in the pending action or reasonably calculated to lead to the discovery of admissible evidence that formulating responses to these Requests using such a definition would be unduly burdensome and oppressive. This definition is particularly objectionable in that it is not limited to Experian's managing agents or department heads, but it is so broadly phrased as to purport to include each and every Experian employee as well as any person with whom Experian has a contract or a legal relationship. Thus, it is not only burdensome and oppressive but, as a practical matter, an impossibility for Experian to frame meaningful responses to these Requests utilizing this objectionably broad definition. Accordingly, Experian will respond to these Requests only to the extent that the terms "Experian," "You" and "Your" are interpreted to mean and include only the entity, Experian Information Solutions, Inc.

10. **Definition of "Document"**. Experian objects to the definition of "Document" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this definition to the extent it seek to impose discovery obligations that are broader than, or inconsistent with, Experian's obligations under the Federal Rules of Civil Procedure. Experian further objects to this definition to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the consulting expert privilege, or any other applicable privilege, rule or doctrine.

11. **Definition of "Control."** Experian objects to Plaintiff's definition of "control" to the extent that it calls for the production of publicly available documents or documents that could be obtained from Plaintiff's own files or other sources.

IRI-40021v1

12. **Definition of "Personal identifying information" or "personal identifiers."**

Experian objects to Plaintiff's definition of "Personal identifying information" or "personal identifiers" on the grounds that it is vague and ambiguous in its use of the terms and phases "any other information intended to refer or identify Plaintiff," "consumer report," and "file."

13. **Incorporation**. Experian incorporates the foregoing General Objections and limitations into each of the following specific responses that are herein made subject to and without waiver of those General Objections.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 13:**

Please produce documentation of all programs under which Defendant's employees or agents who communicate with consumers or handle any aspect of consumer disputes are provided any bonus, pay, or other incentive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its General Objections, Experian objects to this Request on the ground that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects that the Request seeks confidential, private information regarding individuals who are not parties to this lawsuit as well as proprietary, commercial information relating to Experian's cost structure and systems for motivating and compensating its employees. Experian further objects that this Request is overbroad in that it is not limited to relevant employees and a relevant time frame.  Experian further objects to the Request on the ground that the Request is vague and ambiguous in its use of the terms and phases "communicate," "handle," "any aspect of consumer disputes," and "other incentive."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to, and without waving its previous objections, Experian supplements its response as follows:  Experian Services Chile, S.A. did not have any incentive plans that directly or indirectly rewarded efficiency over accuracy during the time period of Plaintiff's disputes.

IRI-40021v1

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all cost/benefit analyses regarding expenditures necessary for compliance with 15 U.S.C. § 1681i or the reinvestigation of disputed credit information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its General Objections, Experian objects to this Request on the ground that it is overly broad, is not limited in scope, is unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection. Experian further objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks to impose discovery obligations on Experian beyond the requirements of the Federal Rules of Civil Procedure, as it requests that Experian create documents that do not exist. Experian further objects to the Request on the ground that the Request is vague and ambiguous in its use of the terms and phases "cost/benefit analyses," and "expenditures necessary for compliance."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to, and without waving its previous objections, Experian supplements its response as follows: Experian Information Solutions, Inc. and Experian Services Chile, S.A. do not maintain a "cost/benefit" analysis for the cost of compliance with the FCRA or the defense of lawsuits. In addition, Experian Information Solutions, Inc. and Experian Services Chile, S.A. do not maintain an analysis of the cost of reinvestigations of consumer disputes.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all cost/benefit analysis regarding expenditures necessary for cost of defending cases of disputed credit information versus compliance with 15 U.S.C. § 1681i or the reinvestigation of disputed credit information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its General Objections, Experian objects to this Request on the ground that it is overly broad, is not limited in scope, is unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection. Experian further objects to this Request on the ground that it is overbroad and unduly burdensome because it requests that Experian create documents that do not exist. Experian further objects to the Request on the ground that the Request is vague and ambiguous in its use of the terms and phases "cost/benefit analyses," and "expenditures necessary for cost of defending cases."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to, and without waving its previous objections, Experian supplements its response as follows: Experian Information Solutions, Inc. and Experian Services Chile, S.A. do not maintain a "cost/benefit" analysis for the cost of compliance with the FCRA or the defense of lawsuits. In addition, Experian Information Solutions, Inc. and Experian Services Chile, S.A. do not maintain an analysis of the cost of reinvestigations of consumer disputes.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce documents showing claims or actions against Defendant for violations of the FCRA brought by any individual, entity, agency or governmental body at any time which specifically relate to mixed files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to its General Objections, Experian objects to this Request on the ground that it is overly broad, is not limited in scope, is unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Experian further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or

protection. Experian further objects to this Request on the ground that it is overbroad and unduly burdensome because it requests that Experian create documents that do not exist. Moreover, Experian objects to the extent that the Request calls for the production of publicly available documents.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to, and without waving its previous objections, Experian supplements its response as follows: Experian will provide a list of the lawsuits handled by Jones Day during the past five years which contain an allegation of a mixed-file in the Complaint.

Dated: June 22, 2012                                JONES DAY

By: *(signature)*
Angela M. Taylor

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

IRI-40021v1

## PROOF OF SERVICE VIA U.S. MAIL

I, Virgilynn Swanson, am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On June 22, 2012, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s): **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| Ryan Thomas Earl<br>ryantearlattorneyatlaw@yahoo.com<br>Earl & Earl, PLLC<br>212 Tenth Avenue South<br>Nampa, Idaho  83651<br>T:     (208) 890-0355 | *Attorneys for Plaintiff* |
| Sylvia A. Goldsmith<br>sgoldsmith@sgoldsmithlawoffice.com<br>Law Office of Sylvia A. Goldsmith<br>Milano Law Building<br>2639 Wooster Road<br>Rocky River, OH  44116<br>T:     (440) 934-3025 | *Attorneys for Plaintiff* |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 22, 2012, at Irvine, California.

*Virgilynn Swanson*