## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOSE LUIS CALDERON, | ) | CASE NO. 1:11-CV-00386-EJL |
| Plaintiff, | ) ) | JUDGE LODGE |
| v. | ) ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) | |
| Defendants. | ) ) | |

### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### DIRECTED TO EXPERIAN INFORMATION SOLUTIONS, INC.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff hereby requests Defendant, Experian Information Solutions, Inc., to produce documents as herein described to Plaintiff at the Law Office of Sylvia A. Goldsmith, Gemini Towers, 1991 Crocker Road, Suite 600, Westlake, OH 44145, within twenty-eight (28) days from service of this request.

### DEFINITIONS

A.     "Document" means anything which may be considered to be a document or tangible thing within the contemplation of the Federal Rules of Civil Procedure, and includes, without limitation, any written, printed, typewritten, handwritten, recorded or other graphic matter or computer generated or stored information, whether produced in hard copy or other tangible medium or presently stored within the memory of a computer or other storage device, such as tapes, hard or floppy disks, CDs, or mag cards, now or at any time in your possession, custody, or control; and, includes generally and without limiting the generality of the foregoing

definitions, any correspondence, letters, telegrams, telexes, cables, transcripts, agreements, contracts, notes, memoranda, jottings, projections, reports, opinions, workpapers, diaries, daybooks, notebooks, calendars, address and telephone records, expense records and vouchers, time records, personnel records, minutes, summaries of any communications, reports or summaries or investigations, books of account, journals, ledgers, journal entries, accounting books and records, spread sheets, micro-fiche cards, microfilms, photographs, films, appraisals, surveys, financial statements, financial forecasts, computer programs, computer printouts, manuals, guides, books, magazines, newspapers, publications, and all preliminary versions and drafts, revisions of, or notations on any of the foregoing, including all non-identical copies and drafts of any of the foregoing, and all summaries, analyses, or reports relating or referring in whole or in part to any of the foregoing.

B.      "All documents" means every document and every non-identical copy known to Defendant and every such document or writing which Defendant can locate or discover by reasonably diligent efforts.

C.      The "Canyon-Caldwell public record item" means the judgment which appears to have been taken by Portfolio Recovery Associates in or around May 2006 against an individual named "Jose Calderon."

D.      "FCRA" means the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

E.      "Mixed file" means a consumer report in which some or all of the information contained therein belongs to a person or persons other than the individual who is the subject of the consumer report.

F.      "Person" includes natural persons and all other legal entities.

G.     "Personal identifying information" or "personal identifiers" as used herein shall mean the name, address, date of birth, Social Security number, or any other information intended to refer to or identify Plaintiff within a consumer report, consumer disclosure or file maintained or issued by Defendant.

H.     "Plaintiff" as used herein means Jose Luis Calderon.

I.     "Experian," "you" or "your" refers to Defendant, Experian Information Solutions, Inc., and/or any related or affiliated entity or subsidiary.

J.     "Subscriber" as used herein shall refer to any entity that furnishes consumer credit information, account data and/or personal identifying information to Experian and is allowed to access consumer credit information, account data and/or personal identifying information from Experian.

K.     The terms "identify," identity," or "identification," shall have the following meanings:

    (a)     when used in reference to an individual natural person shall mean to state the name, the present or last known business and resident addresses, the current business affiliation and position, and the position during the time specified of said individual;

    (b)     when used in reference to any other entity included within the definition of "person," above, shall mean to state the current or last names, if any, the present or last known business address, the nature of the business, and the identity of the chief executive officer(s) and/or general manager(s) throughout the specified time period, of said entity:

    (c)     when used in reference to a document shall mean to state the following:

        (i)     the date of its preparation;

        (ii)     the identity of its author and of any individual involved in its preparation and/or its production;

3

(iii)    what type of document it is (e.g., letter, chart, memorandum, etc.) or some other designation by which to identify it:

(iv)    its contents;

(v)    its present custodian or its location; and

(vi)    the identification of all persons for whom it was prepared, or who received copies of it, re-surveys, graphs, charts, photographs, phonographs, films, tapes, discs, drums, printouts, and all other data whether recorded by electronic or any other means.   If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be identified.

## INSTRUCTIONS FOR RESPONDING

A.    All information is to be divulged which is in your possession, custody or control or within the possession, custody or control of your attorneys, investigators, agents, employees or other representatives of you or your attorneys.

B.    Any Request for Production which inquires as to the knowledge, conduct or activities of the defendant shall be taken to include the knowledge, conduct or activities of such defendant's subsidiaries, parents, affiliates and merged or acquired predecessors, as well as the present or former investigators, accountants, attorneys, directors, officers, partners, employees and other agents of such defendant; and references to the "personnel" of any such defendant shall include such individuals.

C.    Where a Request for Production asks that a date, an amount, or any other specific information be provided, your best approximation of the information requested, and the basis upon

4

which this approximation is founded, is to be given if the precise information required is unknown to you.

D.     If you object to any Request for Production or any portion thereof, state the precise legal objection and the factual and legal basis therefore.

E.     Unless otherwise specifically stated in any Request for Production below, the timeframe for each shall be from January 1, 2008, to present.

## DOCUMENTS REQUESTED

1.     Please produce all consumer reports, credit reports, consumer disclosures, updates or other compilation of information in Plaintiff's "file" as that term is defined in 15 U.S.C. § 1681a(g), specifically including without limitation any current, historical and/or archived information such as long and short Administrative reports.

2.     Please produce all records of communications between Plaintiff and Experian, including all documents, records of telephonic communications, log books or other documents.

3.     Please produce all documents and/or screens generated, created or otherwise utilized or reviewed that relate to Plaintiff or any reinvestigation regarding any account or record related to Plaintiff or for which Plaintiff lodged a dispute, specifically including without limitation any dispute resolution logs, disclosure logs and/or any other logs, screens or documents that result from any administrative or internal action or review of Plaintiff's file.

4.     Please produce all documents relating to the computation of Plaintiff's credit score(s).

5.     Please produce any and all documents prepared, accessed, considered, reviewed, sent and/or received by Experian specifically including but not limited to any CDV's, ACDV's,

responses, supporting documentation, specific requests for information, UDF's, AUDF's, internal memoranda, correspondence, instructions, notes, screens and/or logs relating to Plaintiff, Plaintiff's file or any reinvestigation of any information contained in Plaintiff's file.

6.      Please produce all records of communications between Experian and any entity at any time specifically relating to the Canyon Caldwell public record item.

7.      Please produce a complete listing of any and all codes, keys or other documentation that would describe how to read, interpret or otherwise explain any of the terms, shorthand, abbreviations or any other information provided in or on any of the documents produced by Experian in this litigation.

8.      Please produce any and all manuals, memoranda, records, reports or other written documentation containing, outlining or otherwise describing Defendant's policies, practices, training, standards, rules, and/or procedures for any department or center that handles non-fraud related consumer contacts, requests and/or disputes.

9.      Please produce any and all manuals, memoranda, records, reports or other written documentation containing, outlining or otherwise describing to Defendant's policies, practices, standards, rules and/or procedures relating to the manner in which Experian determines which credit information, account data and/or personal identifying information shall be included in a particular credit file in the database of consumer information maintained by or for Experian. This request specifically includes, but is not limited to, any documents outlining the personal identifiers required or necessary to match credit information being supplied by a subscriber with a particular credit file maintained by or on behalf of Experian or within the Experian database, and any and all

procedural and/or training materials specifically including without limitation Defendant's business rules relating to the subject selection procedure.

10.    Please produce all manuals, tests, video tapes, books or other documents pertaining to the training and supervision of Defendant's employees or agents as to compliance with the FCRA, including 15 U.S.C. § 1681i.

11.    Please produce all manuals, tests, video tapes, books or other documents pertaining to the training and supervision of Defendant's employees or agents as to compliance with Experian's policies and procedures regarding reinvestigation of disputed information.

12.    Please produce all manuals, tests, video tapes, books or other documents pertaining to the training and supervision of Defendant's employees or agents as to compliance with Experian's policies and procedures regarding mixed files.

13.    Please produce documentation of all programs under which Defendant's employees or agents who communicate with consumers or handle any aspect of consumer disputes are provided any bonus, pay, or other incentive.

14.    Please produce employment and salary records, or other compensation or payment schedule, of every person or entity who communicated with Plaintiff, worked on any aspect of Plaintiff's disputes, or altered any information in Plaintiff's Experian file within the timeframe listed above.

15.    Please produce all cost/benefit analyses regarding expenditures necessary for compliance with 15 U.S.C. § 1681i or the reinvestigation of disputed credit information.

16.     Please produce all cost/benefit analysis regarding expenditures necessary for cost of defending cases of disputed credit information versus compliance with 15 U.S.C. § 1681i or the reinvestigation of disputed credit information.

17.     Please produce all budgets or projections prepared within the preceding five years, allocating resources or expenditures to the conducting of reinvestigation under 15 U.S.C. § 1681i.

18.     Please produce all studies and reports on the accuracy of information in Experian's consumer reports or consumer reports generally.

19.     Please produce documents describing, defining or otherwise indicating Defendant's document retention policies.

20.     Please produce documents showing claims or actions against Defendant for violations of 15 U.S.C. § 1681i of the FCRA brought by any individual, entity, agency or governmental body from 1999 to present.

21.     Please produce documents showing claims or actions against Defendant for violations of the FCRA brought by any individual, entity, agency or governmental body at any time which specifically relate to mixed files.

22.     Please produce financial documents specifically showing Defendant's net pretax profits, Defendant's net worth, and all Annual Reports for the five years preceding and including the year of trial.

Dated this 6th day of December 2011.

Sylvia A. Goldsmith, Esq. (Admitted *Pro Hac Vice*)
LAW OFFICE OF SYLVIA A. GOLDSMITH
Gemini Towers
1991 Crocker Road, Suite 600
Westlake, Ohio  44145
Telephone:  (440) 934-3025
Facsimile:  (440) 934-3026
Email: **sgoldsmith@sgoldsmithlawoffice.com**

Ryan T. Earl (Idaho Bar #8342)
EARL & EARL, PLLC
212 10th Avenue South
Nampa, Idaho 83651
Telephone:  (208) 890-0355
Facsimile:  (208) 461-9560
Email: **ryantearl@earlandearllegal.com**

Attorneys for Plaintiff