THE LAW OFFICE OF
# SYLVIA A. GOLDSMITH

*Protecting Ohio Consumers*

Milano Law Building, 2639 Wooster Road, Rocky River, OH 44116
Telephone: 440.934.3025  Facsimile: 440.934.3026
www.sgoldsmithlawoffice.com

August 3, 2012

**VIA ELECTRONIC DELIVERY**
Angela Taylor, Esq.
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408

    Re:    *Jose Luis Calderon v. Experian Information Solutions, Inc.*

Dear Ms. Taylor,

    We have now completed the depositions of the two (2) Rule 30(b)(6) witnesses Experian has offered in the above-referenced case. Several things have become quite clear from these depositions.

    First, Plaintiff is certain he needs to proceed with the depositions of a few of the dispute agents located in Santiago, Chile, that handled the specific disputes at issue here. As Ms. Iwanski conceded, she does not know how and/or to what extent individual agents valued or considered various aspects of Mr. Calderon's disputes because she was not there. Plaintiff has an absolute right to question the actual individuals involved as opposed to accepting the Monday-morning quarterbacking of a stock witness who testifies to nothing more than what Experian's policies and procedures suggest the particular agent should have or would have done in a hypothetical situation.

    Second, it appears Experian has not offered in good faith a witness who could testify on Subject of Examination Nos. 4 and 5. With all due respect to Scott Yamanaka, he admitted in his deposition yesterday that he simply had no involvement with "any contract(s), agreement(s), or other written understanding(s) by and between any Experian entities" with respect to the Santiago NCAC, and did not participate in any way in (and, therefore, was not privy to any information surrounding) the negotiation of the one and only writing that was produced here, the

Angela Taylor, Esq.
JONES DAY
August 3, 2012
Page Two

Experian Intracompany Services Agreement. Mr. Yamanaka testified that other than being provided that document by counsel in specific preparation for his deposition, he had never seen it before and had no reason to review such a thing in his position at Experian Services Corp. Therefore, Plaintiff expects a witness who can provide substantive testimony on Subject of Examination Nos. 4 and 5 be provided.

Along the same lines, you have offered nothing more than objections on Subject of Examination Nos. 6, 25, 28 and 29. With respect to the first three of these Subjects, if we cannot come to some sort of agreement about a witness being produced to offer testimony, we will need to move the Court for an Order compelling Experian to do so. With respect to Subject No. 29, in light of your refusal to produce any information responsive thereto, we ask for a Stipulation that no responsive information exists.

Third, Mr. Yamanaka's testimony makes clear that there is significant documentation that has not been produced to us. Interrogatory No. 4 in connection with Document Request No. 23 has sought information about "payments made to Experian Services Chile, S.A." for work performed for Experian Information Solutions, Inc. Likewise, Request for Production Nos. 15 and 17 specifically seek cost/benefit analyses, budgets and/or projections related to reinvestigations. Mr. Yamanaka described at length various invoices, spreadsheets, and system reports with "drill down capabilities" that show in specific detail the costs associated with the Santiago NCAC. Absolutely none of this information has previously been produced or even mentioned to Plaintiff in response to his discovery requests specifically on point.

Fourth, while the Court has already found that "the relationship between [Experian Information Solutions, Inc. and Experian Services Chile, S.A.] is sufficiently close to treat them as the same for purposes of the present discovery dispute[,]" *see* Order on Plaintiff's Motion to Compel [Document 25], dated June 18, 2012, Mr. Yamanaka's testimony underscored the fact that Experian Services Chile, S.A. is, in actuality, operated at the complete control and discretion of the instant Experian defendant. It is not credible to argue that Experian is not in a position to ask the specific agents who handled Plaintiff's disputes to appear for deposition. When pressed on whether Experian would be willing to do so, you carefully represent that it is "in violation of Chilean law" for parties to "bypass the mandatory letters rogatory process" by agreement." *See* Letter dated July 31, 2012. However, you impliedly concede that such process applies only to deposition testimony taken "on Chilean soil." *Id.* Therefore, we ask that Experian produce the necessary agents at their NCAC in Allen, Texas – as numerous other Experian Services Chile, S.A. employees have done within the scope of their employment – to testify in this case. To save on costs, we would not object to you arranging for the necessary individuals to appear at the United States Embassy in Santiago – as such location is U.S. soil – to be deposed by Plaintiff's counsel by telephone.

Angela Taylor, Esq.
JONES DAY
August 3, 2012
Page Three

       Finally, as indicated in two (2) separate email sent to you by Len Bennett on August 1, 2012, we need dates to depose Tony Reeves, Lee Lundy, Steven Wagner and Kerry Williams. With our discovery deadline quickly approaching, we need to complete these depositions in the next 2-3 weeks.

       Because of the time constraints of our scheduling order, we have no choice but to require all information not produced to date to be in our hands no later than next Wednesday, August 8, 2012. Everything at issue should have been produced months ago anyway. If we do not have all such materials, we will involve the Court once again.

       Sincerely,

       LAW OFFICE OF SYLVIA A. GOLDSMITH

By:    /s/ *Sylvia A. Goldsmith*
       Sylvia A. Goldsmith, Esq.

cc:    Ryan Earle, Esq.
        Len Bennett, Esq.