# JONES DAY

3161 MICHELSON DRIVE • SUITE 800 • IRVINE, CALIFORNIA 92612.4408
TELEPHONE: +1.949.851.3939 • FACSIMILE: +1.949.553.7539

Direct Number: (949) 553-7549
angelataylor@jonesday.com

JP001567
026123-058507

July 31, 2012

**VIA EMAIL AND U.S. MAIL**

Sylvia A. Goldsmith
Law Office of Sylvia A. Goldsmith
Milano Law Building
2639 Wooster Road
Rocky River, OH  44116

      Re:   *Jose Luis Calderon v. Experian Information Solutions, Inc.*
              U.S.D.C. District of Idaho, Case No. 11-cv-00386-EJL

Dear Ms. Goldsmith:

      I am writing to respond to the portion of your July 24, 2012 correspondence regarding Plaintiff's request to conduct the depositions of employees of Experian Services Chile, S.A.

      First, requesting these depositions prior to completion of Experian's 30(b)(6) deposition not only is premature, but also is in direct contradiction to the Court's June 18, 2012 Order which states in part: "Considering the difficulty and expense that depositions of foreign nationals would entail, the Court will order that Plaintiff **first** conduct a deposition of an Experian employee in the United States before deposing individuals in Chile." (emphasis added).  Therefore, upon completion of Experian's 30(b)(6) deposition, if Plaintiff still wishes to conduct the depositions of the individuals located in Chile, Plaintiff may do so.

      Under the Federal Rules of Civil Procedure, United States litigants must comply with the foreign country's laws when taking depositions abroad.  See Fed. R. Civ. P. 28(b).  Chilean law specifies the letters rogatory process as the only method for litigants from the United States to take deposition testimony on Chilean soil.[1]  Moreover, the parties cannot voluntarily agree to bypass the mandatory letters rogatory process because to do so would be in violation of Chilean law.  In addition, Chile has made clear its objections to foreign involvement in the taking of evidence within Chile.  American lawyers may not participate in the taking of deposition testimony in Chile because only Chilean trained and qualified attorneys may take such action.

---

[1] This precise issue was recently the subject of a discovery hearing in a case pending in the United States District Court, District of Arizona, Denise Acquafreeda v. T.J. Services Incorporated, et al.  Although the Court did not make a final ruling regarding Plaintiff's request to conduct the depositions of employees of Experian Services Chile, S.A., the Court acknowledged that it "does not believe it has the authority to order these witnesses to appear for deposition either in person or by video conferencing."

IRI-41312v1

**JONES DAY**

Sylvia A. Goldsmith
July 31, 2012
Page 2

    Based on the foregoing, if Plaintiff wishes to take the depositions of the Chilean employees of Experian Services Chile, S.A. after completion of Experian's 30(b)(6) deposition, he may do so in accordance with the Court's June 18, 2012 Order, the Court's June 6, 2012 Amended Scheduling Order, the Federal Rules of Civil Procedure and Chilean laws.

                                        Very truly yours,

                                        Angela M. Taylor

cc: Jason E. Prince, Esq.

IRI-41312v1