# JONES DAY

3161 MICHELSON DRIVE • SUITE 800 • IRVINE, CALIFORNIA 92612.4408
TELEPHONE: +1.949.851.3939 • FACSIMILE: +1.949.553.7539

Direct Number: (949) 553-7549
angelataylor@jonesday.com

JP001567
026123-058507

August 8, 2012

**VIA EMAIL AND U.S. MAIL**

Sylvia A. Goldsmith
Law Office of Sylvia A. Goldsmith
Milano Law Building
2639 Wooster Road
Rocky River, OH 44116

Re:  *Jose Luis Calderon v. Experian Information Solutions, Inc.*
U.S.D.C. District of Idaho, Case No. 11-cv-00386-EJL

Dear Ms. Goldsmith:

I am writing to respond to the issues addressed in your August 3, 2012 correspondence.

**Plaintiff's request to depose the employees of Experian Services Chile, S.A.**

First and foremost, conducting the depositions of the employees of Experian Services Chile, S.A. ("ESC") will be a significant waste of time and resources. These employees will not remember the specific disputes letters at issue in this case, nor will they remember what they "valued and considered" when reviewing these dispute letters. Teresa Iwanski has already provided testimony concerning Experian's policies and procedures relating to the disputes in this case. The ESC agents will not be able to provide any further information then what has already been provided. However, if Plaintiff still wishes to depose the employees of ESC, he may do so.

Your correspondence incorrectly suggests that the defendant, Experian Information Solutions, Inc. ("EIS"), has an obligation to bring the employees of ESC to the United States to be deposed in this case. The employees of ESC who you wish to depose are not officers, directors or managing agents of either ESC or EIS. Accordingly, these employees are not subject to a Rule 30(b)(1) deposition. Furthermore, because the employees are not officers, directors or managing agents, you will need to conduct the depositions where the witnesses are located. As explained more fully in my correspondence to you dated July 31, 2012, if Plaintiff wishes to conduct the depositions of the employees located in Santiago, Chile, he will need to do so in accordance with the Federal Rules of Civil Procedure and Chilean law.

IRI-41532v1

ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID • MEXICO CITY
MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Sylvia A. Goldsmith
August 8, 2012
Page 2

### Plaintiff's request to depose executives of Experian.

In this case, Plaintiff claims that Experian violated the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff claims that Experian failed to maintain reasonable procedures to assure maximum possible accuracy of the information contained on Plaintiff's credit file and failed to conduct reasonable reinvestigations of disputes submitted to Experian on Plaintiff's behalf. The four individuals identified in your correspondence - Kerry Williams, Steven Wagner, Lee Lundy and Tony Reeves - are high level executives who will have no information concerning Experian policies and procedures relating to the reinvestigation of the tradelines disputed by Plaintiff. Accordingly, the depositions of these four executives do not have any potential to lead to the discovery of admissible evidence. The only purpose for requesting these depositions is to harass Experian and increase Plaintiff's attorneys fees.

### Deposition Topics Nos. 6, 25, 28 and 29.

These four deposition topics were addressed in my email to you dated July 25, 2012. Experian's position regarding these topics has not changed.

### Deposition Topics Nos. 4 and 5.

Deposition Topic No. 4 asks Experian to "identify, authenticate, describe and explain" any contract, agreement or written understanding concerning the operation of the NCAC in Santiago Chile. Pursuant to Federal Rule of Civil Procedure 30(b)(6), a party must designate one or more individuals who are able to testify concerning the topics included on the deposition notice. "The persons designated must testify about information known or reasonably available to the organization" Fed. R. Civ. P. 30(b)(6). Moreover, a party does not have to produce the person with the *most* knowledge about the matters included in the notice, but rather "it need only produce a person with knowledge whose testimony will be binding on the party." *Century 21 Real Estate, LLC v. All Professional Realty, Inc.* 2012 WL 2116409 (E.D.Cal., June 6, 2012) citing *Rodriquez v. Pataki*, 293 F. Supp.2d 305, 311 (S.D.N.Y. 2003). Moreover, "[i]f the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.1996).

Here, Experian's 30(b)(6) witness, Scott Yamanaka, was able to identify, authenticate, describe and explain in detail the Intracompany Services Agreement ("Agreement") between EIS and ESC. Mr. Yamanka was also able to provide testimony concerning the specific terms contained within the Agreement and explain how EIS makes payments to ESC pursuant to the

IRI-41532v1

JONES DAY

Sylvia A. Goldsmith
August 8, 2012
Page 3

Agreement. The fact that Mr. Yamanaka did not review the Agreement prior to his preparations for the 30(b)(6) deposition is immaterial.

To the extent Plaintiff is seeking testimony concerning the negotiations surrounding the Agreement, and/or the reasons why Experian opened an NCAC in Santiago, Chile, we have already discussed this issue. The process for making a business decision on where to locate a business operation does not have any potential to lead to the discovery of admissible evidence. Moreover, the Agreement speaks for itself. Any negotiations that may have occurred before the Agreement was signed have no bearing on Plaintiff's claims in this case.

Deposition Topic No. 5 asked Experian to "identify, authenticate, describe and explain" any cost or payment arrangement between any Experian entities for reinvestigations done by NCAC in Santiago, Chile. Mr. Yamanka was able to answer all questions concerning how EIS pays ESC for the work completed in the Santiago NCAC.

### Request for Budgetary Information.

Experian has previously produced the Intracompany Services Agreement between EIS and ESC which specifies how ESC is paid for the work it performs. Moreover, Experian's 30(b)(6) witness has provided testimony concerning these payments. In an effort to further bog down this case in meaningless discovery disputes, Plaintiff now seeks copies of all "invoices, spreadsheets and system reports" relating to payments made by EIS to ESC. In its June 18, 2012 Order, the Court ruled that Plaintiff's request for Experian's budgets or projections allocating resources to reinvestigation activities was "sufficiently sensitive that it will not order the production of the materials at this time." Nothing has changed since the Court's ruling. Budgetary information relating to the operation of the NCAC in Santiago, Chile has no bearing on Plaintiff's claims in this case nor does it have the potential to lead to the discovery of admissible evidence.

Very truly yours,

Angela M. Taylor

cc: Jason E. Prince, Esq.
    Leonard A. Bennett, Esq.

IRI-41532v1