**From:** Leonard Bennett <lenbennett@clalegal.com>
**To:** Leonard Bennett <lenbennett@clalegal.com>; Sylvia Goldsmith <sgoldsmithlaw@aol.com>; angelataylor <angelataylor@jonesday.com>
**Subject:** RE: Calderon depo Thursday
**Date:** Wed, Aug 1, 2012 6:11 am

---

To give your client as much heads up as possible, we also needs dates 2-3 weeks out for:

Lee Lundy
Steven Wagner and
Kerry Williams.

All three were active in the setup and supervision of Experian Chile.

Thanks,
Len

---

From: Leonard Bennett
Sent: Wednesday, August 01, 2012 5:44 AM
To: Sylvia Goldsmith; angelataylor@jonesday.com
Subject: Calderon depo Thursday

Angela:

As we prepare for tomorrow's deposition re: Experian Chile, I wanted to determine if we can work out our impending dispute re: evidence from Chile.

First, would you please provide depositions dates for the 30b1 deposition of Tony Reeves, the VP for both Experian North America and Experian Chile? We would like to complete that deposition within the next two weeks.

Further, as you continue your assertion that Experian Chile is independent of Experian and thus not subject to its control and direction, we intend to file a Motion in Limine (as we did with respect to the Equifax use of DDC in the Philippines in Griffin) to exclude any evidence that Experian conducted an investigation or as to the substance and nature of such investigation. You of course have not identified any Chilean witnesses pursuant to Rule 26(a)(1). You would be precluded pursuant to Rule 37(c)(1) from doing so now. Further, your client's testimony or documents regarding such process or effort would constitute inadmissible hearsay. It may be that we agree - Texas cannot testify re: how Experian handled the Chilean ACDVs. Would your client agree to such a stipulation?

Finally, we of course have expressed our amazement at your client's continued refusal to accept the Court's discovery ruling finding that Experian Chile is under your client's control. This is not a close call. I understand that Experian may not want to open the doors to such discovery in routine FCRA cases. However, as should be more obvious your client's continued insistence that the Court force compliance by public order seems to create far greater risks for future cases. If as both sides must believe the Court again rules as we will ask, your client will be faced with an even more defining Order. We ask that you reconsider and produce the witnesses, without of course prejudice to Experian's right to push back again in future cases.

Regards,
Len Bennett