Sylvia A. Goldsmith (Admitted *Pro Hac Vice*)
Geoff B. McCarrell, Esq.
LAW OFFICE OF SYLVIA A. GOLDSMITH
Milano Law Building
2639 Wooster Road
Rocky River, Ohio 44116
Telephone: (440) 934-3025
Facsimile: (440) 934-3026
Email: sgoldsmith@sgoldsmithlawoffice.com
Email: gmccarrell@sgoldsmithlawoffice.com

Leonard A. Bennett (Admitted *Pro Hac Vice*)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com

Ryan T. Earl (Idaho Bar #8342)
EARL & EARL, PLLC
212 10th Avenue South
Nampa, Idaho 83651
Telephone: (208) 890-0355
Facsimile: (208) 461-9560
Email: ryantearlattorneyatlaw@yahoo.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **JOSE LUIS CALDERON**, | ) | |
| | ) | CASE NO.: 1:11-CV-00386-EJL |
| Plaintiff, | ) | |
| | ) | JUDGE LODGE |
| v. | ) | |
| | ) | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

### REPLY TO EXPERIAN'S RESPONSE TO PLAINTIFF'S NOTICE OF DISCLOSURE OF DISPUTE AGENTS PLAINTIFF WISHES TO DEPOSE

Plaintiff has carefully reviewed and considered Experian's *Response to Plaintiff's*

*Notice of Disclosure of Dispute Agents Plaintiff Wishes to Depose* in which Experian provides

the current employment status of the various agents identified by Plaintiff.  Of the individuals

still currently employed by Experian, Plaintiff would like to depose the following:

1.      Agent ID AC 708941.  Currently employed by Experian in Santiago, Chile.

6.      Agent ID MP705528.  Currently employed by Experian in Allen, Texas.

11.     Agent ID ML 712837.  Currently employed by Experian in Santiago, Chile.

One of these individuals is located in Allen, Texas, and Experian has already

agreed to produce this individual in Allen, Texas for Plaintiff to depose him.  The question

remains whether the other two (2) individuals, both of whom are located in Santiago, Chile, need

to be subpoenaed through the letters *rogatory* process or whether Experian will agree (or can be

ordered)  to produce them voluntarily for a video-conference deposition.

As its first line of defense to doing so, Experian has insisted that it is "against

Chilean law" for any Chilean citizen to be deposed by Plaintiff on Chilean soil without

complying with the letters *rogatory* process.  Plaintiff has already shown that Experian's

representations in this regard are misleading and overblown.  *See, e.g., Reply Memorandum in*

*Support of Plaintiff's Second Motion to Compel* at Exhibit 1, ¶ 3.  If a witness appears at the

direction of its employer as opposed to requiring a subpoena, the letter *rogatory* process never

comes into play.  *Id.* at ¶¶ 5, 9 and 10.

Next, Experian tries to hide behind the argument that it is not obligated to produce

an employee for deposition unless that employee qualifies as a "managing agent" for purposes of

the testimony to be elicited.  Being that the Court has already ordered three (3) dispute agents to

be produced, *see Order on Plaintiff's Motion to Compel*, the question of Experian's obligation

seems moot.  Furthermore, the term "managing agent" comes directly from the language of Rule

30(b)(6) where the notice at issue seeks to secure testimony of the corporation itself:

> (6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, ***a party may name***
> ***as the deponent a public or private corporation***, a partnership, an association, a governmental
> agency, or other entity and must describe with reasonable particularity the matters for
> examination. ***The named organization must then designate one or more officers, directors, or***
> ***managing agents, or designate other persons who consent to testify on its behalf***; and it may set
> out the matters on which each person designated will testify. A subpoena must advise a nonparty
> organization of its duty to make this designation. The persons designated must testify about
> information known or reasonably available to the organization. This paragraph (6) does not
> preclude a deposition by any other procedure allowed by these rules (emphasis added).

*See* Fed. R. Civ. Pro. 30(b)(6).  Here, however, Plaintiff is merely attempting to secure testimony

of fact witnesses who hold information relevant to Plaintiff's claims.[1]  This fact is determinative.

Because Plaintiff is not asking Experian to designate a deponent who will speak for the

corporation, the argument that such individuals must qualify as "managing agents" is misplaced.

Even assuming, *arguendo*, a determination must be made as to the status of the

individual dispute agents, it is proper for this Court to order Experian to produce the particular

dispute agents for deposition.

"The law concerning who may properly be designated as a managing agent is

sketchy."  *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540 (D.

Md. 1996) (quoting *Founding Church of Scientology, Inc. v. Webster*, 802 F.2d 1448, 1452

(D.C.Cir. 1986)).  "Largely because of the vast variety of factual circumstances to which the

concept must be applied, the standard … remains a functional one to be determined on a case-by-

case basis."  *Webster*, *supra*, 802 F.2d at 1452.  "[D]oubts about an individual's status as a

'managing agent,' at the pre-trial discovery stage, are resolved in favor of the examining party."

*In re Honda*, *supra*, 168 F.R.D. at 540.

---

[1] The fact witnesses at issue here still work for Defendant and so, ethically, Plaintiff is not free to approach them
about their willingness to testify here.

There are "several factors that generally are considered in making a case specific determination of a person's managing agent status:  (1) the discretionary authority vested in the person by the corporation; (2) the employee's dependability in following the employer's directions; (3) whether the individual is more likely to identify with the corporation or the adverse party in the litigation; and (4) the degree of supervisory authority in areas pertinent to the litigation."  *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 48-49 (E.D. Va. 2010).  "Of these factors, the third – the employee's identity of interests with his employer as opposed to the opposing party – is 'paramount.'"  *Id.*  "[T]he question of identity of interest is not merely one of how strongly these employees identify with [Defendant].  This facet of the test focuses on the extent to which they identify with [Defendant] *as opposed to [Plaintiff]* (emphasis in original)."  *Id.* at 50.

In the case *sub judice*, comparing the nexus between the subject dispute agents and Experian, the company that currently employs them and that provides money and benefits to them, with the non-existent relationship these employees have with Plaintiff, an individual consumer in a foreign country who is a complete stranger to them and has no control or impact over their employment, it is clear that the identity of interest question is resolved in favor of these dispute agents being managing agents.[2]

Finally, Experian has steadfastly represented that its operations in Allen, Texas, and Santiago, Chile, are virtually identical in *all* respects*,* and Experian has agreed to allow

---

[2] The dispute agents at issue were the *only* individuals who had any personal involvement and control over the handling of the actual disputes made by Plaintiff.  "The fact that the proposed deponent was deeply involved in the subject matter of the litigation can provide evidence respecting the nature of his or her level of responsibility." *E.I. DuPont*, *supra*, 268 F.R.D. at 49, FN 3.

Plaintiff to depose the one dispute agent that is located in Allen, Texas.[3] Why, then, is Experian

flatly refusing to do the same for the dispute agents located in Santiago, Chile? There simply is

no justifiable reason (as is evidenced by Experian's failure to even suggest a genuine reason).

Experian has displayed a concerted pattern of playing games with discovery

throughout this litigation, and clearly hopes to limit Plaintiff's ability to build his case to only

that evidence which Experian believes it can sufficiently control to work in its favor. That is not

a proper basis to continue to hide these dispute agents from Plaintiff, and this Court should order

their depositions accordingly.

Respectfully submitted,


  /s/ Sylvia A. Goldsmith
Sylvia A. Goldsmith (Admitted *Pro Hac Vice*)
Geoff B. McCarrell, Esq.
LAW OFFICE OF SYLVIA A. GOLDSMITH
Milano Law Building
2639 Wooster Road
Rocky River, Ohio 44116
Telephone: (440) 934-3025
Facsimile: (440) 934-3026
Email: sgoldsmith@sgoldsmithlawoffice.com
Email: gmccarrell@sgoldsmithlawoffice.com

Leonard A. Bennett (Admitted *Pro Hac Vice*)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com

and

---

[3] Experian insists that Plaintiff prepare a subpoena for this dispute agent's appearance for a deposition, but Experian will agree to accept the subpoena and work with Plaintiff to arrange the deposition and ensure the agent's appearance.

Ryan T. Earl (Idaho Bar #8342)
EARL & EARL, PLLC
212 10th Avenue South
Nampa, Idaho 83651
Telephone: (208) 890-0355
Facsimile: (208) 461-9560
Email: ryantearlattorneyatlaw@yahoo.com

Attorneys for Plaintiff


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing

*Reply to Experian's Response to Plaintiff's Notice of Disclosure of Dispute Agents Plaintiff*

*Wishes to Depose* is being filed electronically with the United States District Court for the

District of Idaho, on this 24th day of October 2012.  Notice of this filing will be transmitted to

counsel of record by operation of the Court's electronic filing system.


 /s/ Sylvia A. Goldsmith
Sylvia A. Goldsmith  (*Pro Hac Vice*)
LAW OFFICE OF SYLVIA A. GOLDSMITH
Attorney for Plaintiff